SIMON v. SEVIER ASSOCIATION.

Decided December 13, 1890.

1.  *Corporation—Directors' meeting—Notice.*

A deed of assignment of the property of a corporation, executed by a majority merely of its directors at a meeting of which absent directors had no legal notice, is invalid.

2.  *Attachment—Removal of property out of the State.*

The removal by a corporation of a material part of its property out of the State, not leaving enough therein to pay its debts, is ground for attachment.

APPEAL from *Sevier* Circuit Court.

RUFUS D. HEARN, Judge.

*Feazel & Rogers* for appellants.

1.  The assignment was *ultra vires.* Field on Corp., sec. 53, note 3; 21 Pa. St., 22; 38 N. W. Rep., 43; 9 Fed. Rep., 640; 3 Pac. Rep., 911. A corporation can do no acts except as provided in its charter. 1 N. E. Rep., 138; 13 Pet., 519; 21 Ark., 302.

2.  If it had the power, the assignment was a fraud on creditors, as having been made in the interest of its stockholders. Burrill on Ass. (4th Ed ), 276; 47 Ark., 347, 370 ; and it does not matter whether the assignee knew of the fraud or not. Acts 1887, p. 195.

3.  The withdrawing of assets renders it void. 46 Ark., 405.

4.  The defendant shipped a material part of its property out of the State, not having enough to pay its debts. 44 Ark., 301.

*Cohn & Cohn* for appellant.

The executive committee had no power to make the assignment. Bates, Part., vol. 1, sec. 338; 37 Ark., 228. The effect of the assignment was to deprive the association of all it had. 31 Ark., 429; 11 S. W. Rep., 960. All the members of the executive committee did not sign the deed. 47 Iowa, 27, 30. Directors could only act as a board. 26

Minn., 43, 54, 55; 42 Mich., 536; 6 Nev., 51; 45 Pa. St., 386; 47 Iowa, 27.

BATTLE, J.   On the 15th of January, 1889, "the Sevier County Co-operative Association," being the owner of a stock of goods, wares and merchandise, assigned the same to D. M. Bryant for the benefit of its creditors.   On the 19th of the same month H. T. Simon, Gregory & Co., sued out an order of attachment, and caused the same to be levied on the property assigned.   The grounds of attachment were: "The Sevier County Co-operative Association" "had sold, conveyed, or otherwise disposed of its property with the fraudulent intent to cheat, hinder, delay and defraud its creditors," and that the defendant had "removed a material part of its property beyond the limits of this State, not leaving enough therein to pay its debts."   After the attachment Bryant appeared and filed a complaint, in which he claimed to be the owner of the property attached, under the deed of assignment made to him.   The court sustained his claim, ordered the property attached to be delivered to him, and discharged the attachment; and plaintiff appealed.

It was admitted on the trial that "the Sevier County Co-operative Association" was a corporation duly organized according to the laws of this State.   It was proved that it had no by-laws or rules for its government, except its articles of association, and that they failed to fix the time when its board of directors should hold regular meetings, or how the board should be called together.

In pursuance of a short notice given to them by its general manager a majority of its directors held a called meeting on the 14th day of January, 1889, and resolved to assign its property to Bryant for the benefit of its creditors, and on the next day made the assignment.   Was the assignment valid?

1. Corporation—Directors' meeting.

The act under which "the Sevier County Co-operative Association" was organized provides that the stock, prop-

erty, affairs and business of such corporations shall be under the care of, and shall be managed by, not less than three directors, and that a majority of the directors, *convened according to its by-laws*, shall constitute a quorum for the transaction of business. Mansf. Dig., secs. 964-969. Such directors constitute a board, and, in the management of the property, affairs and business of their corporation, can only act as a board. They have no authority to act save when convened in a board meeting. The separate, individual action of each director is not the action of the corporation. Less than all do not, under the statute, constitute a quorum for the transaction of business unless they are legally convened. No director is required to attend a meeting of directors held without authority. Every one of them is entitled to vote and be heard in all the proceedings of the board. The shareholders in the corporation are entitled to the influence and advice of every director in the management of their affairs. Hence, in order to accomplish the object for which each director was elected, a mere majority of the directors cannot constitute a majority of the board for the transaction of business, unless they meet according to, and by authority of, the by-laws or rules of the corporation, or are called together upon due and legal notice given to all of them. Assembled in any other manner they cannot act as a board, but as individuals, and such acts are not the acts of the corporation. *School District* v. *Bennett,* 52 Ark., 511 ; *Ogden* v. *Murray,* 39 N. Y., 207 ; *Baldwin* v. *Canfield,* 26 Minn., 43 ; *Doyle* v. *Mizner,* 42 Mich., 332 ; *Herrington* v. *Liston,* 47 Iowa, 11 ; *Stoystown, &c., Co.* v. *Craver,* 45 Pa. St., 386 ; 1 Morawetz on Private Corporations, secs. 531-532, and cases cited.

In this case all the directors were not present at the meeting held pursuant to the call of the general manager. Those present were not convened in pursuance of any by-law or rule of the corporation, and were not called together upon due and legal notice to all of them. They met as a board without authority. Consequently, the deed of assignment

was executed without authority; was invalid; conveyed nothing; and the court erred in holding that the property in controversy belonged to the assignee.

But it is said that the assignment was subsequently ratified by the board of directors. But it does not appear, if the ratification was lawful, that it occurred before the property was attached, and other parties had thereby acquired an interest in the same.

The court below erred in dismissing the attachment. The association, according to the evidence adduced on the trial, had unquestionably shipped out of this State a material part of its property, without leaving enough therein to pay its debts. The proof was, it had shipped thirty bales of cotton to St. Louis, Mo., and that the remainder of the property left in the State was insufficient to pay its debts. This was sufficient to sustain the attachment. *Durr* v. *Hervey,* 44 Ark., 301.

Reversed and remanded, with directions to sustain the attachment.