# Norton v. Alabama National Bank.

### Statutory Claim Suit.

1. *President of a corporation can not convey its property without the authority of the board of directors.*—The president of a corporation can not, without the authority of its board of directors, make a valid conveyance of the corporate property, or execute a valid assignment of such property for the benefit of the corporate creditors

2. · *Same; ratification.*—Where the president of a corporation makes an unauthorized assignment of its property for the benefit of its creditors, the subsequent ratification of such conveyance by the board of directors is ineffectual to render the conveyance valid as against the rights of intervening creditors, who, before the ratification, levied attachments upon the property sought to be conveyed.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.
The facts of the case are sufficiently stated in the opinion.

· J. W. BUSH and CHARLES G. BROWN, for appellant. The deed of assignment being valid upon its face, the *onus* of showing its invalidity is upon those who assail it.—*Bank* v. *Flower,* 41 Ohio St. 552 ; 26 Ohio St. 426. The exigencies demanded immediate action to save the assets for the benefit of all the creditors alike ; and the · deed of assignment, executed under such circumstances,

is sufficient to convey the property to the assignee.— *Bank v. Flower*, 41 Ohio St. 552; *Chase v. Tuttle*, 55 Conn. 455; *Edgerly v. Emerson*, 23 N. H. 555; *Lathrop Hatton Lumber Co. v. Bessemer Savings Bank*, 96 Ala. 350.

Subsequent ratification by the directors render valid the deed of assignment.—*Sheldon v. Eickemeyer*, 90 N. Y. 607.

MOUNTJOY & TOMLINSON, *contra*.—The president of a corporation has no power to convey property of the corporation, except when specially authorized by the board of directors, acting as a board duly notified and assembled.—Cook on Stocks & Stockholders, 2 Div. § 716; and authorities there cited.

"In all cases the board of directors, and not the stockholders or the president, secretary, treasurer or other agent, is the original and supreme power in corporations to make corporate contracts."—Cook on Stocks & Stockholders, § 712, and authorities there cited.

∴ A general assignment made by the president of a corporation, without authority from the board of directors acting as a board, does not convey title, and a subsequent ratification is inoperative as against an intervening creditor.—*Simon v. Sevier County Co-operative Asso.*, 14 S. W. Rep. 1101; Amer. Dig. 858, sub-div. 207; *Meloy v. Central Nat. Bank*, 7 Mackey, 69; *Goodyear Rubber Co. v. Geo. D. Scott Co.*, 96 Ala. 439.

The ratification of the assignment by the board of directors after the levy of the attachment, can not relate back so as to defeat the lien of plaintiff's attachment.— *Wood v. McCain*, 7 Ala. 800; 42 Amer. Dec. 612; *Simon v. Sevier*, 14 S. W. Rep. 1101. *Pollock v. Cohen*, 32 Ohio St. 514; *Taylor v. Robinson*, 14 Cal. 396; *Beals v. Allen*, 18 Johnson 363; 2 Benjamin on Sales, 1064, § 1236.

COLEMAN, J.—The Alabama National Bank sued out an attachment against the Lee Jordan Grocery Company, a corporation, which was levied upon a stock of groceries and merchandise. F. F. Norton, assignee of the corporation, interposed a claim to the property, and the present action was to try their respective rights. The case was tried by the court, without a jury, which found the issue for the plaintiff in attachment. The claimant Norton appealed, and assigns as error this judg-

ment of the court. The only question is, whether the evidence justified the conclusion of the trial court. The evidence shows, that on the 5th day of December, 1892, about 12 o'clock, the deed of assignment for the benefit of all its creditors was signed and delivered to the assignee, Norton, who accepted the trust. It is signed,

"Lee Jordan Grocery Company,

By. L. B. Jordan."

It is not signed officially by L. B. Jordan as the president of the corporation, although the proof shows he was the president. It purports to convey all the property of the corporation, "the same being contained in the storehouse now occupied by the party of the first part [the grantor], located on the north side of First Avenue, * * * and more fully and particularly described in a schedule, to be hereto annexed and marked Exhibit 'A.'" In the afternoon of the same day, the attachment was levied, while Jordan and Norton were taking an inventory of the property in the storehouse, and before schedule "A" was completed and annexed to the assignment. We think the evidence satisfactorily shows that in making the assignment L. B. Jordan acted upon his own judgment and individual responsibility, without being lawfully authorized to execute the deed of assignment. It is undisputed that L. B. Jordan was president and a director, that A. Jordan, his wife, was secretary and a director, and L. C. Jordan, a brother of the president, was a director, and that these three persons were the sole corporators and stockholders. The corporation had no by-laws. The minutes of the meetings of the board of directors was introduced in evidence, and these showed that the last meeting of the directors was held in April preceding, at which meeting the officers were elected, and showed nothing more. It is not pretended that the assignment was authorized at any meeting of directors held before it was made. L. B. Jordan testifies that on the morning of the 5th of December, before leaving home, he told his wife (A. Jordan, who was secretary and a director) that unless he could borrow money that day, he would be compelled to make a sale or assignment, and that she replied "do the best you can." The other director L. C. Jordan, was absent from the city, and it appears knew nothing of the matter of the assignment. The claimant contends that the execution of the

assignment was subsequently ratified by the directors. On this point L. B. Jordan testified that on the 12th of December, seven days after the execution of the assignment, and the levy of the attachment, his brother returned, and a verbal resolution was adopted by the three directors ratifying the assignment made by him. The resolution was never reduced to writing, or any minute entry made of it.

It is a generally recognized principle of law that the president of a corporation or its general manager, without authority of its board of directors, can not make a valid conveyance or assignment of the property of the corporation. In the case of the *Goodyear Rubber Company v. Geo. D. Scott Co.*, 96 Ala. 439, in which it appeared that Scott was the general manager, this court used the following language : "The ameded bill, as we have seen, charges that Scott alone conveyed to the bank, without the authority or sanction of the board of directors. If this be so, the sale did not vest a good title in the bank. Sales of that kind could be made only by the board of directors, and not every sale by them would be valid."—Citing Cook on Stocks, § 712 ; 1 Morawetz Private Corporations, § § 511–513. As supporting the same conclusion, see *Tenn. & Cousa R. R. Co. v. East Ala. R'way Co.*, 73 Ala. 445 ; *Standifer v. Swann & Billups*, 78 Ala. 88; *Gibson v. Goldthwaite*, 7 Ala. 281 ; Code of 1886, § 1664. The case of *Simon v. Sevier County Association*, 14 S. W. Rep. 1101, (Ark.), in many respects was similar to the case at bar, in which it was held that a subsequent ratification, if lawful was inoperative against an intervening creditor.

In the case of *Wood v. McCain*, 7 Ala. 800, the general rule is recognized that a ratification refers back to the inception of the transaction, but it is said, that an exception to the general rule prevails, where third parties acquire rights, after the act is done and before its ratification by the principal. The exception was applied in favor of a garnishing creditor. The case is not distinguishable in principle.—*Godwin v. McGhee*, 19 Ala. 468; 1 Amer. & Eng. Encyc. of Law, p. 436, note. See 32 Ohio St. 514. The authorities seem conclusive on this point, and render it unnecessary to consider any other questions.

The judgment of the city court, must be affirmed.