THE CHICAGO TIP AND TIRE COMPANY *et al.*

*v.*

THE CHICAGO NATIONAL BANK.

*Opinion filed October 24, 1898—Rehearing denied December 9, 1898.*

1. JUDGMENTS AND DECREES—*judgment by confession cannot be collaterally attacked.* A judgment by confession cannot be collaterally attacked unless absolutely void or fraudulent and collusive.

2. CORPORATIONS—*power of officer to execute judgment note may be implied.* An officer of a corporation has no power, by virtue of his office alone, to bind the corporation by warrant of attorney to confess judgment, but where the corporation, by its course of dealing, has held such officer out to those dealing with him as a general financial agent, the power to execute such warrant may be implied.

BOGGS and CARTWRIGHT, JJ., dissenting.

*Chicago Tire Co.* v. *Chicago Nat. Bank*, 74 Ill. App. 439, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

WICKERSHAM & HAYNER, for appellants.

R. L. TATHAM, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the county court of Cook county dismissing the petition of appellants brought to have the lien of a judgment by confession entered in favor of appellee against the March-Davis Cycle Company set aside.

The March-Davis Cycle Company, a corporation, was indebted to the Chicago National Bank on two promissory notes,—one for the sum of $10,000, due May 29, 1896, and the other for $5000, due June 24, 1896. On May 29, 1896, a judgment note for $15,000, with warrant of attorney to confess judgment at any time thereafter, was given to the appellee, the Chicago National Bank, as collateral security, which note was signed: "March-Davis Cycle Co., by C. C. Murray, Treas." On June 1, 1896, the appellee caused judgment to be entered on this note for $14,177.60, and an execution was issued and levied on all the personal property of the cycle company. On the same day, and shortly after the levy, the cycle company made a general assignment for the benefit of its creditors, and on June 9 the property levied on was ordered by the court to be turned over to the assignee, subject to the prior rights, liens and equities of the appellee upon the same. A petition was filed by appellants in the county court, alleging that they were creditors of the cycle company; that the said judgment note was given in collusion with appellee, for the purpose of allowing appellee to obtain a preference over the other creditors; that the note and warrant of attorney were not under seal of the company, and were executed by its treasurer without any authority from the board of directors, and that he had no authority,

by virtue of his office, to execute the same, and praying that the lien of the appellee as recognized by the former order of the county court be set aside and distribution of the assets of the insolvent company be made *pro rata.* The appellee denied collusion with the company's officers, and also denied that the treasurer was without authority to execute the judgment note, but alleged that he was the chief financial officer of the cycle company and had full power and authority to make the same, and denied the jurisdiction of the county court to set aside the judgment or the lien.

On the hearing no collusion or fraud was shown, and appellants have abandoned the position that the judgment should be set aside as a fraudulent preference, but they insist the warrant of attorney was not authorized by the company, and that the judgment entered on it was therefore void, and that the lien of appellee must fail.

It was held in *McDonald* v. *Chisholm*, 131 Ill. 273, and *Atwater* v. *American Exchange Nat. Bank*, 152 id. 605, that the authority of an officer of a corporation to execute its judgment notes might appear from all the facts and circumstances surrounding the transaction; in other words, that the authority might be implied, although there was no express action of the corporation conferring it.   (See, also, *Burch* v. *West*, 134 Ill. 258.) It was said in *Snyder Bros.* v. *Bailey*, 165 Ill. 447, that "the principle upon which an officer of a corporation can bind it by making its promissory notes, with or without a warrant of attorney to confess judgment, is that of agency." It was further held in the latter case, that a warrant of attorney executed by the proper officers of the corporation was *prima facie* valid, though not under the corporate seal.   The question is one of authority.   In the case at bar it seems to be conceded that there was no resolution of the board of directors of the cycle company authorizing the making of the judgment note, but whether there was any by-law on the subject was not shown.   The question then remains,

was the treasurer impliedly, by force of the circumstances surrounding the transaction and the course of his dealings with appellee, or by virtue of his office, authorized to execute this judgment note?

In *Atwater* v. *American Exchange Nat. Bank*, 152 Ill. 605, it was charged the judgment note was executed by the treasurer of the corporation without express authority from the board of directors, and this court found that the evidence showed that the treasurer was the business and financial manager of the corporation; that the corporation deposited with the bank and borrowed money from it and did business with it through its treasurer; that he was held out to the bank as having the right to represent it; that the bank had no notice of any by-law which limited or restricted his authority; that the debt for which the note was given was a *bona fide* debt due for money borrowed, and that the directors knew of the note given by the treasurer and at one of their subsequent meetings impliedly recognized it as binding, and this court said that the judgment could not be attacked upon the ground stated. The proof of the acts of the treasurer of the cycle company, in the present case, is not as full and explicit as in the case just cited, still it was admitted that he acted as the general financial officer of the company and transacted all its business with the bank, and had executed all the notes taken by the bank from the company, thereby including the ones for which this judgment note was given. It was, however, also admitted that this judgment note was the only judgment note ever given by the cycle company. It is not simply by virtue of his office that an officer of a corporation may execute a warrant of attorney to confess judgment. Such power is not inherent in or incident to the office from either usage or necessity. But when, by a course of dealing, the corporation has held out such officer to the public and those dealing with it as clothed with full powers of a general financial agent, the authority to execute the judgment note may

be implied from the circumstances surrounding the transaction. In the *Atwater* case a direct issue was formed between the bank holding the judgment by confession and the insolvent corporation as to the authority of its treasurer to execute the warrant of attorney, with the result as stated above. In the case at bar no pleading or admission of the insolvent corporation is in the case, and the question arises between the creditor holding the judgment by confession and other creditors. No proof of fraud or collusion is made, and we think the circumstances in this case fall within the rule laid down in the *Atwater* case, and hold that there existed sufficient authority in the treasurer to execute the warrant of attorney to sustain the judgment. This disposes of the whole question, for, unless the judgment is absolutely void or fraud or collusion is shown in its procurement, like other judgments, it cannot be attacked collaterally.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

CARTWRIGHT and BOGGS, JJ., dissenting.