# Wagg-Anderson Woolen Company et al. v. J. H. Lesher & Co.

1. CORPORATIONS—*Power of the Vice-President.*—As a general rule, in the absence of the president of a corporation, or where a vacancy occurs in that office, the vice-president may act in his stead and perform the duties which devolve upon him.

2. SAME—*Power to Execute a Voluntary Assignment.*—The execution of a voluntary assignment by the vice-president, under the circumstances of this case, the president being absent, and an emergency existing, is no less effectual than if done by the president, if within the scope of his authority.

3. SAME—*Power of the President to Dispose of the Property—Voluntary Assignment.*—The president of a corporation having power to dispose of its property in the ordinary course of business, has not the power to make a valid assignment of its assets for the benefit of creditors without express or implied authority conferred by the directors.

4. SAME—*Deeds, Regular and Properly Executed, Prima Facie Evidence—Burden of Proof.*—The execution of a deed of assignment, regular on its face, by a properly constituted officer, is *prima facie* evidence that it was authorized by the corporation, and the burden of proving the contrary rests upon the parties objecting.

5. SAME—*Power to Make Assignments for the Benefit of Creditors.*— Under no theory of the implied or *ex officio* powers of the president of a corporation, can he assign, mortgage, or otherwise dispose of its property for the payment of its debts, since this is not a disposition of it in the ordinary course of its business. But this power may be conferred by the directors expressly or by implication.

6. SAME—*General Powers of the President.*—The president being the head of a corporation aggregate, unless prohibited by its charter or restricted by its by-laws, acts for the body, and through him they execute their contracts and agreements; and when his name appears to an instrument purporting to bind the company, the law will presume it is executed by sufficient authority from the body:

7. DEEDS—*When Prima Facie Evidence of Execution.*—When an instrument is duly executed by one having authority, it is *prima facie* evidence that the seal he attaches is the seal of the corporation until it is impeached or shown to be otherwise.

8. VOLUNTARY ASSIGNMENTS—*Presumptions as to Its Execution.*— Where it does not appear that the assignment was made without sufficient authority, in the absence of such proof the authority will be presumed.

**Voluntary Assignment.**—Trial in the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding.  Petition granted.

Appeal by defendants. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed November 16, 1898.

This is an appeal from an order of the County Court of Cook County allowing the appellees a preferred claim against the insolvent estate of the M. H. Vehon Company, a corporation.

A deed of assignment executed by the vice-president of the corporation, under seal, was filed with the clerk of the County Court June 6, 1896, at 9:30 A. M., and the assignee thereunder at once took possession of the property thus assigned. Three minutes before that time appellees had filed in the Circuit Court of Cook County a *narr.* and *cognovit* upon a judgment note previously executed to them by the corporation. Judgment was obtained thereon, and the execution delivered to the sheriff at 9:35 A. M. The latter at once proceeded to the corporation's place of business, but found the doors locked, and a sign announcing that the assignee was in possession. No levy was made, and the execution was returned unsatisfied at the end of ninety days.

M. SALOMON, attorney for William Friedman, assignee.

WILLIAM A. DOYLE, attorney for E. R. Hawkins & Co. and Schwenck-Stillwagen Co.

BULKLEY, GRAY & MORE, attorneys for Nonotuck Silk Co. and Wagg-Anderson Woolen Co.

WILLIAM O'NEILL, attorney for William Hale Thompson; CRATTY BROS., JARVIS & CLEVELAND, of counsel.

WILBER, ELDRIDGE & ALDEN, attorneys for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The County Court held that the appellees acquired a prior lien by virtue of their judgment and execution. It is contended that the deed of assignment executed by the vice-president of the corporation was ineffectual to pass

title to the assignee as against the judgment and execution in favor of appellees, because it does not show on its face that it was executed in pursuance of a resolution by the board of directors.   The evidence tends to show that the vice-president, who executed the assignment, was the owner of five-sixths of the stock of the company; that of the other two directors, one—the manager of the business—had died the day before, and that the other, who was president of the company, resided in Peoria, and did not reach Chicago until the afternoon of the day upon the morning of which the assignment was made.   After his arrival, and about eight o'clock in the evening, a meeting of the directors was held and a resolution adopted ratifying the act of the vice-president.   There is evidence tending to show that the matter of making an assignment had received some consideration before the death of the manager.   The evidence fails to show express previous authority from the directors to make the assignment, but also fails to show affirmatively that such authority had not been conferred.

The County Court found that the assignment was executed without authority of the directors, and was not ratified " so as to become binding upon said company " until the adoption of the resolution to that effect in the evening; and that this ratification did not relate back to the time of executing and recording the deed of assignment so as to divest the lien of the appellees acquired " in the morning of said 6th day of June, A. D. 1896."

It is a general rule that in the absence of the president of a corporation, or where a vacancy occurs in that office, the vice-president may act in his stead and perform the duties which devolve upon him.   Smith v. Smith, 62 Ill. 493–496; Sawyer v. Cox, 63 Ill. 130–135.

The execution of the assignment by the vice-president, under the circumstances of this case, the president being absent and an emergency existing, was no less effectual than if done by the president, if within the scope of the latter's authority.

The president of a corporation having power to dispose

of its property in the ordinary course of business, has not the power to make a valid assignment of its assets for the benefit of creditors without express or implied authority conferred by the directors.

In Thompson on Corporations (Vol. 4, Sec. 4634), it is said: "Under no theory of the implied or *ex officio* powers of the president of a corporation, can he assign, mortgage, or otherwise dispose of its property for the payment of its debts, since this is not a disposition of it in the ordinary course of its business." But this power may be conferred by the directors expressly or by implication. Idem., Sec. 4635. See also Norton v. Alabama Nat. Bank, 102 Ala. 420–423.

The execution of a deed of assignment, regular on its face, by a properly constituted officer, is *prima facie* evidence that it was authorized by the corporation, and the burden of proving the contrary rests upon the parties objecting.

In the case of Wood v. Whelen, 93 Ill. 156–162, the court says: "The execution of a mortgage under the seal of the company, regular on its face, by the properly constituted officers, is *prima facie* evidence it was executed by the authority of the corporation, and parties objecting take on themselves the burden of proving it was not so executed."

The deed of assignment in this case purports to be under seal, and while it does not affirmatively appear that this was the corporate seal, it is sufficient as *prima facie* evidence. This objection was raised in the case of Phillips v. Coffee, 17 Ill. 154, and it was said that the execution of the instrument "by the president of the bank is shown, and the seal affixed affords *prima facie* evidence that it is the seal of the bank. And this rule does not dispense with evidence that the seal is the seal of the corporation, but adopts as a rule of *prima facie* evidence that when an instrument is duly executed by one having authority, that the seal he attaches is the seal of the corporation until it is impeached and shown otherwise." And in Sawyer v. Cox, 63 Ill. 130–134, it is said: "The president, being the head of these

682 · APPELLATE COURTS OF ILLINOIS.

corporations aggregate, unless prohibited by charter or restricted by their by-laws, acts for the body, and through him they execute their contracts and agreements; and when his name appears to an instrument purporting to bind the company, the law will presume it is executed by sufficient authority from the body."

It is contended for appellees that the subsequent ratification of the act of the vice-president in executing the assignment, creates a presumption of fact that it was originally without authority. We are unable to agree with this contention. The ratification, if it implies anything, indicates an intention to remove all doubt that the act of the vice-president had the consent and approval of the directors. It certainly does not imply want of original authority.

The execution in this case came into the hands of the sheriff after the execution and delivery of the deed of assignment and possession of the insolvent estate had been delivered to the assignee. No levy was ever made under the execution. It does not appear that the assignment was made without sufficient authority, and in the absence of such proof the authority must be presumed.

The judgment of the County Court is reversed and the cause remanded.