## Jacob H. Lesher et al., Copartners as J. H. Lesher & Co., v. William Friedman, Assignee, et al.

1. PREFERENCES—*Voluntary Assignments and Judgments.*—A voluntary assignment by a corporation, executed by its vice-president without any previous authority from the directors of the company, does not pass the title to the assets of the corporation so as to cut off the lien of an execution issued upon a judgment entered on the same day.

2. VOLUNTARY ASSIGNMENTS—*By Corporations—When Not Effective—Ratification.*—A voluntary assignment by a corporation for the benefit of its creditors, executed by its vice-president, unless ratified by the directors of the company does not become effective as to intervening creditors in a contest for preferences.

**Voluntary Assignment.**—Petition by a judgment creditor for a preference. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term. 1901. Reversed and remanded. Opinion filed December 12, 1901·

ALDEN, LATHAM & YOUNG, attorneys for appellants.

WHITNEY & HORNER, attorneys for William Friedman, assignee.

CRATTY, JARVIS & CLEVELAND, attorneys for J. M. Hayes Woolen Co., WILLIAM A. DOYLE, attorney for E. R. Hawkins & Co. et al., WILLIAM E. O'NEILL, attorney for Wm. Hale Thompson, creditors.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The Vehon Co., a corporation, made an assignment June 6, 1896, at 9:30 A. M., to one Friedman as assignee, and on the same day, at 9:27 A. M., appellants caused a confession of judgment to be entered against the company upon a judgment note. Although the judgment was entered before the assignment, an execution thereon was not delivered to the sheriff until after the assignment was filed with the clerk of the County Court. The assignee was first to get to the company's place of business and took possession of its property before the sheriff arrived with the execution.

No levy was made by the sheriff and the execution was returned unsatisfied at the end of ninety days. A contest arose in the County Court between appellants on the one side, on their petition for a priority over other creditors of the company, and the assignee and creditors on the other, as to whether appellants acquired a prior lien by virtue of their judgment and execution, which was decided in favor of appellants, and an appeal was prosecuted by the assignee and certain of the creditors, to this court, which was heard and determined by the Branch Appellate Court (78 Ill. App. 678), and the judgment of the County Court was reversed and the cause remanded. It was held on that appeal, among other things, in substance, that it did not appear on the record then before the court " that the assignment in question was made without sufficient authority, and in the absence of such proof the authority must be presumed." For the facts appearing on that appeal, which also appear in this record, we refer to the opinion in that case.

Since the case was remanded another trial resulted, on January 12, 1901, in a finding that appellants were not entitled to a preference over the other general claims filed against the estate of the corporation, and an order that the petition of appellants for such preference be denied and the petition dismissed. The claim of appellants was, however, allowed as a general claim against the estate of the company for $1,469.34. From the finding and order denying the preference and dismissing appellants' petition for the same, this appeal is taken.

The assignment in question was executed by Marie H. Vehon, vice-president of the company, without any previous authority from the directors of the company so to do, and the deed was, on the same day, though after the execution on appellants' judgment had been issued and placed in the sheriff's hands, ratified by the board of directors of the corporation.

The principal question presented upon this appeal is as to whether the assignment passed title to the assets of the corporation so as to cut off the lien of appellants' judgment and execution.

It is claimed on behalf of appellees that this question was adjudicated upon the former appeal, and is not now open for consideration. We think not. The very evidence by reason of the absence of which the court on the former appeal held that proof of authority in the vice-president to execute the assignment would be presumed, is supplied by the record on this appeal. The vice-president testified that she did not remember of having been authorized by the board of directors to execute the deed, and did not think it would have been possible that she was asked either by Moses Salomon, or some official of one of the courts, to execute the deed; that she didn't remember of any action being taken by the company, by the board of directors or stockholders of the company, prior to the 6th day of June, 1896, in reference to the assignment. There were only three directors of the corporation, one of whom died on June 5, 1896, another was the vice-president just referred to, and the third was the president, who testified that he never attended a meeting of the board of directors prior to the death of the one just referred to, and never called a meeting of the directors prior to that death, and never attended a meeting of the board of directors that authorized the execution of the deed of assignment before it was executed by the vice-president, and that he, as president, never authorized the vice-president to execute the deed.

It is clear from this evidence, which is not contradicted, that the vice-president had no authority from the board of directors of the corporation to execute the deed before it was executed, and under the authorities and decision of the court on the prior appeal, the deed of assignment was not valid until it was ratified by the board of directors, which was after the lien of appellants' judgment and execution upon the property of the corporation had been acquired. It was then too late to cut off appellants' lien and rights. The assignee took subject thereto. Ch. 77, Sec. 9, Starr & Curtis' Stat.; Norton v. Alabama Nat. Bk., 102 Ala. 420; 3 Am. & E. Ency. Law (2d Ed.), 46 and 47; Knights v. Martin, 155 Ill. 486; State Nat. Bk. v. Union Nat. Bk., 168 Ill. 519–28;

State Bk. v. Moran Pkg. Co., 68 Ill. App. 25–39; Trumbull v. Union Trust Co., 33 Ill. App. 319–38; McVeagh v. Chase, 67 Ill. App. 160–4.

By the section of the statute above quoted, the lien of appellants' judgment and execution upon the property of the corporation attached when the execution was delivered to the sheriff.

In the Trumbull case, *supra*, in which this court had under consideration the validity of an assignment for the benefit of creditors made by two of three partners, without the third joining in or authorizing its execution, it was held that because there was a crisis in the affairs of the firm and the absent partner could not be consulted personally or otherwise, in time to avoid or meet the emergency of the case, that authority from such absent partner would be implied; but it was also held that " ratification by the absent partner does not operate to divest the rights of purchasers and lien holders, acquired in good faith after the execution of the first instrument, and before the ratification."

In the case of McVeagh, *supra*, this court held that where an attachment was levied upon property which had been assigned for the benefit of creditors, the deed having been executed and recorded, but not accepted by the assignee before the levy of the attachment, the assignee took title subject to the attachment lien.

In the State Bank case, *supra*, it was held by this court that where a president and secretary of a corporation conveyed by mortgage substantially all of its property, in order to prefer certain creditors, though authorized by the board of directors at a meeting held in a foreign State, the mortgage did not take precedence of the rights of attaching creditors intervening before a subsequent ratification by the board of directors at a meeting held within this State.    The holding of this court was affirmed by the Supreme Court in the First National Bank case, *supra*, in which it is said : " When, therefore, the directors of the corporation met on March 25, 1895, and by resolution confirmed the mortgage previously made or authorized a new one, this action could

only be taken subject to the lien which in the meantime the bank had acquired on the property," citing with approval, among other cases, the Trumbull case, *supra*.

In the Norton case, *supra*, which is in its facts very similar to the case at bar, where an assignment for the benefit of creditors was made by the president of the company and afterward ratified by the directors, the court held, citing many authorities, that the assignee took subject to the lien of an attachment which was levied after the making of the deed, but prior to its ratification by the directors. We are of opinion that the lien acquired under appellants' judgment should be preferred to the title of the assignee.

It is claimed for appellees that the judgment note on which appellants' judgment is based, was invalid because it was not authorized by the board of directors. The record does not sustain the contention. The note was executed by M. H. Vehon as secretary, and had the corporate seal of the company attached. It was, besides, expressly authorized by resolution at a meeting of the board of directors of the company. A majority of the directors was present at the meeting, one of whom was M. H. Vehon, the secretary, treasurer and general financial manager of the corporation, who executed the note. We think there is no question as to its validity. Atwater v. Am. Ex. Bk., 152 Ill. 605–19; Chicago, etc., Co. v. Chicago Nat. Bank, 176 Ill. 224.

It is further claimed by appellees' counsel that appellants have waived any objection to the binding force of the assignment, and that they are estopped from questioning its validity by a previous adjudication of the County Court on a motion to vacate. We think there is no merit in either of the contentions. Appellants do not contest the validity of the assignment, except in so far as it would deprive them of their lien, which had accrued prior to the ratification of the assignment by the board of directors.

The cases cited by counsel are not, in our opinion, applicable to the facts of this case. To review them would unnecessarily extend this opinion.

The order and judgment of the County Court are reversed and the cause remanded for further proceedings in accordance with the views herein expressed. Reversed and remanded.