MERCHANTS & FARMERS BANK *v.* HARRIS LUMBER COMPANY.

Opinion delivered April 22, 1912.

1. CORPORATION—MEETING OF DIRECTORS—NOTICE.—The acts of a corporation which must be done or authorized to be done by its directors must be done at a meeting at which all are present or have an opportunity to be present by due and proper notice thereof.   (Page 285.)

2. SAME—MEETING OF DIRECTORS—WHAT CONSTITUTES.—No special formality is required to be observed in order to constitute a meeting of the board of directors of a corporation; and if all the members of the board are present and participate in a meeting, this is sufficient, though no minute of the meeting was made or recorded.   (Page 286.)

3. SAME—MEETING OF DIRECTORS—PAROL EVIDENCE.—The fact that no minute of a director's meeting was made or recorded will not render invalid any act done or authorized at such meeting which is within its corporate powers, as such authority may be created verbally and proved by parol evidence.   (Page 286.)

4. SAME—AUTHORITY OF SHAREHOLDERS.—All the shareholders of a corporation may waive the necessity for a meeting of the directors and may authorize acts done by its agents within the scope of its powers, or ratify such acts previously done.   (Page 286.)

5. SAME—RATIFICATION OF ACT OF AGENT.—The ratification by the shareholders of a corporation of an unauthorized act of an agent of the corporation done within its corporate powers may be made expressly or impliedly by acquiescence; and whether such ratification has been so made is a question of fact which may be proved by parol.   (Page 287.)

6. SAME—UNAUTHORIZED ACT OF AGENT—RATIFICATION.—A ratification of the unauthorized act of an agent of a corporation may be proved by showing that all the stockholders had notice or knowledge of the act and either expressly consented thereto or remained silent and took no steps to disaffirm the act within a reasonable time after receiving such notice or knowledge.   (Page 287.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

*Patterson & Green,* for appellant.

The court erred in excluding the mortgage as evidence. It is clear from the evidence that the directors and stockholders of appellee by their conduct and acquiescence ratified the act of Nelson in executing the note and mortgage, and are estopped from denying its validity. Morawetz on Private Corp. (2 ed.) § § 618, 627, 633; 1 Beach on Private Corp. § § 194, 195; 10 Cyc. 1074 (E), 1076-2-a, 1077-b, 1077-c; Morawetz on Priv. Corp. (2 ed.) § 630; 1 Beach § 197; 89 Ark. 446.

*E. O. Mahoney* and *Gaughan & Sifford,* for appellee.

Frauenthal, J. This is an action of replevin for the recovery of certain personal property to which the appellant claimed the right of possession by virtue of an alleged mortgage executed to it by appellee, in which default had been made. The appellee is a domestic corporation, and it resisted recovery upon the ground that the alleged mortgage was not executed by it or by any agent or officer of the company having authority to execute it. It also alleged a full settlement of the note, which was secured by said mortgage, and the satisfaction of the mortgage. Upon the trial of the case, the court refused to permit the introduction in evidence of said alleged mortgage, and thereupon directed the jury to return a verdict in favor of appellee, which was done.

It appears from the testimony that the appellee is a business corporation organized under the laws of the State of Arkansas, and that three persons owned all of its shares of stock and were its directors. D. F. Harris was the president of the corporation and M. A. Nelson was its secretary and treasurer; and John Jones was its remaining director and shareholder. In February 1909, appellee was indebted to appellant in the sum of $4,500, and on that day a note was executed to it for that amount, due six months after date; and at the same time, in order to secure the payment thereof, a mortgage was executed to it on certain personal property owned by the appellee, amongst which is the property in controversy. At that time said Nelson was also the general manager of appellee's business, and he signed said note and mortgage in the name of the corporation, by himself as its

secretary and treasurer, and delivered same to appellant. The testimony on the part of appellant tended to prove that on the day the note and mortgage were signed the three directors of the appellee corporation met at appellant's bank, and there talked over the matter of the indebtedness of said corporation to the bank, and agreed that the note and mortgage should be executed by their corporation to appellant; that the three directors held their meeting in a rear room of the bank; and, while no formal resolution was offered and passed directing the execution of the note and mortgage, all the directors discussed the matter, and after such discussion all three directors favored and agreed to the execution thereof to appellant. Thereafter, on the same day, the note and mortgage were executed by the said secretary and treasurer of said corporation. The testimony tended also to prove that he executed said note and mortgage in the name of the corporation with the knowledge and consent of. D. F. Harris, the president, and that shortly thereafter John Jones, the remaining director and shareholder, knew that they had been executed by said Nelson as secretary and treasurer of the corporation, and either expressed his approval thereof or made no objection thereto. Later, payments were made on the note by the appellee's president, amounting in the aggregate to $2,150. According to the testimony, no objection was made to the execution of the note and mortgage by any director or shareholder of said corporation until this suit was instituted, which was about two years after knowledge had been obtained by all of them of the execution thereof.

The trial court refused to permit the introduction of the mortgage, and it is urged by counsel for appellee that this ruling was correct because the mortgage was not legally executed by the corporation; that it was not authorized at any meeting of its board of directors, and its secretary and treasurer was not authorized by its board of directors to execute it, even if such meeting was held.

It is provided by our statute that the affairs of a business corporation shall be managed by a board of. directors, consisting of not less than three members. Kirby's Digest, § 841. It is well settled, we think, that the acts of a corporation which must be done or authorized to be done by its

directors must be at a meeting at which all are present or have an opportunity to be present by due and proper notice thereof. The duties of the board are imposed by statute on the several members. In order that the corporation may have the benefit of the counsel and views of all said members, they are required to meet for that purpose before action is taken by the body corporate. *Simon* v. *Sevier Assn.,* 54 Ark. 58.

But there is no special formality to be observed in order to constitute a meeting of the board of directors of a corporation. If all the members of the board are present and participate in the meeting and its proceedings, then this is all that is required to make the meeting valid. The fact that no minute of the meeting was made or recorded will not render invalid any act done or authorized at such meeting which is within its corporate powers. Such authority may be made verbally, and proved by parol evidence. *Wolfe* v. *Irwin & Ward Co.,* 71 Ark. 438; *Stiewel* v. *Webb Press Co.,* 79 Ark. 45; 10 Cyc. 1001.

All the shareholders of a corporation may waive the necessity for a meeting of its board of directors, and may, without such meeting, either authorize acts done by its agents within the scope of the powers of such corporation, or ratify those acts which have been done, and by such authorization or ratification bind the corporation itself. The rule that the members of the board of directors have the authority to act only when convened in a board meeting is for the benefit of the shareholders. The shareholders own the assets and in fact constitute the corporation. All the shareholders may, therefore, waive the necessity for the meeting of all the members of the board of directors in the transaction of any business that is not beyond the powers of the corporation to enter into.

In the case of *Estes* v. *German National Bank,* 62 Ark. 7, in speaking of the necessity of a meeting of the members of the board of directors, this court said: "As all this is for the benefit of the shareholders, who constitute the corporation, they may waive the necessity of the meeting of the board for the transaction of the business within their corporate powers."

In 2 Morawetz on Private Corporations (2 ed.) section 623, it is said: "If the shareholders who constitute the corporate association unanimously acquiesce in or ratify an act performed by an agent or board on behalf of the corporation, no further question as to the extent of the powers delegated to the agent or board can arise. Ratification by all the shareholders would not cure the illegality of an act which is prohibited by the common law or statute; but it would remove any defect of authority in an agent performing the act as between himself and the company. After such ratification, the company would become chargeable with the act to the same extent as if it had originally authorized it to be done."

The ratification by the shareholders of an unauthorized act of an agent of a corporation done within its corporate powers may be made expressly, or impliedly by acquiescence. Whether or not such ratification has been made expressly or by acquiescence is a question of fact which may be proved by parol. This may be proved by showing that all the shareholders of such corporation had notice or knowledge of the unauthorized act of one of its managers or agents, and either expressly consented thereto or remained silent and took no steps to disaffirm the act within a reasonable time after receiving such notice or knowledge. The corporation is but the creature of the shareholder; and if all the shareholders ratify or acquiesce in an act done by some agent of the corporation within its powers, which could have been authorized originally, then the act, although originally unauthorized, is binding on the corporation.

In 2 Morawetz on Private Corporations, section 631, it is said: "If the members of a corporation, having notice of an unauthorized act performed on their behalf, by their regular agent, remain silent and take no step to disaffirm the act, they may generally be charged with the consequences of the act on account of their acquiescence or ratification." 10 Cyc. 1076.

In the case at bar, it was within the powers of the appellee, which is a business corporation, to borrow money and to secure same by mortgaging its properties. The testimony adduced by appellant was sufficient, we think, to show that

the directors of the appellee corporation, at a meeting held at which all its directors were present, authorized the execution of a mortgage on its property to the appellant, and that the directors either authorized Nelson, its secretary and treasurer, to execute this mortgage, or, after knowledge that he had executed it, all the shareholders of the corporation either expressly ratified his act or acquiesced therein. According to this testimony, the mortgage was executed in substantial compliance with law, and was binding upon appellee. Upon this testimony being controverted, it would then become a question of fact for a jury to determine as to whether or not the mortgage was thus executed or, after its execution, thus ratified and approved by the shareholders, and therefore to decide whether it was a binding contract of the corporation.

The court erred in refusing to permit the introduction of this mortgage in evidence and in its peremptory instruction to the jury, and for this error the judgment must be reversed and the cause remanded for a new trial.