Ruffin, C. J.
 

 The Court thinks the defendant’s objection good, though not precisely on the ground taken by his Honor. The regularity of judicial proceedings in another State, according to the law of that State, cannot be enquired of here. If an attempt were made to prove that law here, what eAddence as high could be adduced as those proceedings themselves ? They are the solemn official acts of Judges, whose peculiar province it is to administer and expound the laws of their country. No witnesses could be more relied on for their knowledge of
 
 *16
 
 the subject, nor the sanctions under which their opinions would be declared. Our Courts cannot set themselves above the Courts of Tennessee in determining what is her law. Therefore, as it was said by the Court in
 
 Irby
 
 v.
 
 Wilson,
 
 1 Dev. and Bat. Eq. 568, every judgment, whether final or interlocutory, proves itself to be the regular and right one, according to the law of the country in which it was given. Consequently no other evidence was requisite on that point.
 

 But, although the proceedings and the decree are to be deemed strictly correct, according to the law of Tennessee, the Court holds, according' to the case just cited, that they have no validity here, because the defendant was not in fact made a party to the suit. That State cannot pass a law to operate out of her territory, or to authorise her Courts to act on things or persons not within her ju^ risdiction. Such a statute may bind her own Courts; but the Courts of other States cannot acknowledge its obligation, or aid in executing it, even indirectly.
 

 There is, however, another ground, on which the objection ought to have been sustained. The evidence was irrelevant, and for that reason ought to have been reject-, od, had it been a decree of a Court of Equity of this State. It established no fact material to the issue in this suit. The decree operates
 
 in personam
 
 only, and professes to do no more. It is to be enforced only by process of contempt. It does not render this bond less the obligation of the plaintiff in law, than it was before the decree, While it is in existence, unpaid and uncancelled, a Court of Law is obliged to hold it to be the party’s deed, leaving the Court of Equity to act on its suitors, as it is quite able effectually to do. As a decree of a Court of Equity of another State, not for money, but requiring acts by the defendant personally in Court, it is plain that a Court of Law here is not competent to enforce it, but the application should be to that tribunal that has a like jurisdiction
 
 in personam,
 
 and could compel the perform-
 
 *17
 
 ■anee of the specific act decreed, and restrain the defendant from any unconscientious use of the instrument in the meanwhile.
 

 Per Curiam. Judgment affirmed.