R. M. NIMOCKS v. THE CAPE FEAR SHINGLE COMPANY.

*Judgment, Confession without Action— When should be Vacated— Corporation.*

1. Ordinarily, a judgment by confession without action will not be set aside for mere irregularities, the party confessing the judgment being presumed to have waived them; but where the judgment is void for cause appearing in the record, or the record omits some essential element, it will be set aside or quashed.

2. A corporation may confess judgment, without action, in or out of term, but the record should show that the officer or person who represented the corporation in the proceeding was duly authorized to act, and that he did act under the direction of his principal.

3. A confession of judgment by the treasurer of a corporation under a resolution adopted at a meeting of a majority of the stockholders, without the approval of the directors, and against the protest of the minority stockholders, is without authority and should be quashed.

MOTION to set aside judgment confessed without action, heard before *Whitaker, J.,* at August Term, 1891, of HARNETT Superior Court.

The Court found the facts to be as stated in the following affidavit:

" J. E. Taylor, being duly sworn, says that he is President of the Cape Fear Shingle Company; that he owns forty-nine hundred dollars of the capital stock of the said company; J. M. Hodges is Treasurer of said company and owns forty-nine hundred dollars of said stock, and W. E. Murchison is Secretary of said company and owns one share of one hundred dollars, and James P. Hodges owns one share of one hundred dollars, making in all ten thousand dollars, which is the capital stock of said company; that the by-laws of the company prescribe that the special meetings of the company must be called by the president upon ten days' notice to each stockholder; that he was at the mill of the company, near Little River Academy, just about dark on the 18th day of June, 1891, when he received a message by a colored boy from J. M. Hodges to come up to his house, about two miles and a half from the mill; that he went there at once accompanied by L. Grimm; that he found at the house of J. M. Hodges, J. P. Hodges and W. E. Murchison. J. M. Hodges told affiant that he had sent for him to have a meeting of the stockholders of the company, in order to confess judgment to R. M. Nimocks for twelve hundred dollars, to A. E. Rankin & Co. for two hundred and sixty-one dollars, to Walter Watson for one hundred and ninety-eight dollars, to A. H. Slocumb for two hundred dollars. The affiant told him he would not agree to confess the said judgments, and

would have nothing to do with the meeting. The affiant told W. E. Murchison that the meeting was illegal, on account of the shortness of the notice and not being called by the proper person. That he thereupon left the house and refused to participate in the said meeting, and that he has never said or done anything since to ratify it, and that he still insists that the meeting was illegally convened, and that its proceedings were illegal, null and void. He further says that certain judgments in favor of A. R. Watson, W. W. Allen and E. A. Lewis, in sums amounting to about five hundred dollars, have been, since then, entered and recovered in Justice's court, and executions issued and placed in the hands of the Sheriff, and he holds the said property under and upon said executions."

The plan of organization contained the following provision:

"Article 5. At same time that officers are elected, there shall be in the same manner chosen two directors, whose duty it shall be to manage and superintend the operations of the company, to employ labor, make purchases for the company and sell its manufactures, accounting with the treasurer for the proceeds of such sale."

The Court being of opinion that the confession of judgment was unauthorized, adjudged that it was void and directed it to be set aside, from which plaintiff appealed.

*Mr. F. H. Busbee*, for plaintiff.
*Messrs. J. W. Hinsdale* and *W. E. Murchison*, for defendant.

MERRIMON, C. J.: A corporation, in or out of term-time of the Court, may confess a judgment in favor of a party without action, as allowed by the statute (*The Code*, §§ 570, 572), but to do so effectually the statutory requirements must be strictly observed in all material respects. This method of obtaining judgment is out of the ordinary course of procedure and subject to abuse. Not infrequently such judgments are

made the instrumentality for effectuating fraudulent transactions and giving fraudulent preferences to particular creditors.   To prevent and guard against such mischief, the statute prescribes certain requisites that must be observed, else the judgment will be void.  *Sharp* v. *Railroad*, 106 N. C., 308.

Ordinarily, a judgment of this nature will not be set aside for mere irregularities in and about the same, because the judgment is confessed, and the party confessing the same must be deemed to have waived irregularities.   But if the judgment appears to be void for cause appearing or failing to appear upon the record, the Court will quash the entry purporting to be a judgment, upon the ground that it improperly appears on the record.   It can serve no proper purpose, may mislead interested persons and it encumbers and defaces the record.

In this case, the statement in writing of the claim upon which the judgment in question is founded is informal, but it might be treated as sufficient in substance.   It does not, however, appear, as it should do, that the directors of the defendant ordered and directed its treasurer or agent to confess the judgment; nor does it appear that the Clerk endorsed upon the statement and entered upon his judgment docket a judgment of the Court for the amount confessed, as required by the statute (*The Code*, § 572).   It appears only that a majority of the stockholders of the defendant held a meeting—not upon notice as required by its by-laws—and directed the treasurer to confess a judgment for a sum of money specified.   This was done against the will and in the absence of a minority of the stockholders, and against their protest. They refused to attend the meeting so called.

Ordinarily, a corporation should act through its properly constituted board of directors, or its officers or agents duly authorized to do particular acts, such as confessing a judgment.   That the officer or agent was authorized to have the judgment confessed as directed, should appear to the Clerk

of the Court in some way, as by a properly authenticated certificate of the proceedings of the directors of the company, and this should be filed with the statement in writing of the claim upon which the judgment is founded. This perhaps would be the better course. It may be that if all the stockholders in meeting assembled, informally called, might authorize a judgment to be confessed by the corporation, but an order made irregularly by a majority of the stockholders at a meeting not regularly called, and without the sanction of the board of directors, would not be sufficient. A corporation may confess a judgment as above indicated, but it must appear that it did so—that it authorized its agent in its behalf, and by its direction, to have the judgment properly entered as allowed by the statute. It does not appear that the defendant directed that a judgment be entered against it, nor does it appear that what purports to be a judgment was confessed and entered according to law. *Duke* v. *Markham*, 105 N. C., 131.

Affirmed.