SNYDER BROS. *et al.*

*v.*

JOEL J. BAILEY *et al.*

*Filed at Ottawa November 9, 1896—Rehearing denied March 12, 1897.*

1. POWER OF ATTORNEY—*by corporation, to confess judgment, need not be under corporate seal.* A corporation may, by its duly authorized officers, execute promissory notes of the company with warrants to confess judgment thereon, and the presence of the corporation seal, though it implies authority, is not essential to their validity.

2. SAME—*sufficiency of power executed by corporation to authorize clerk to enter judgment.* A warrant of attorney to confess judgment on a corporation note, regular on its face and signed by officers who may lawfully execute the same if so authorized, is *prima facie* valid, and the circuit clerk may enter judgment thereon in vacation without proof of the authority for its execution. (*Matzenbaugh* v. *Doyle,* 156 Ill. 331, distinguished.)

3. PRACTICE—*proper papers to be filed on confession of judgment.* A warrant of attorney to confess judgment being valid on its face, the only papers necessary to be filed with the circuit clerk to authorize him to enter judgment are a declaration stating plaintiff's cause of action, the warrant of attorney, with proof of its execution, and a plea of confession.

*Bailey & Co.* v. *Snyder Bros.* 61 Ill. App. 472, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. JOHN J. GLENN, Judge, presiding.

Snyder Bros., a corporation organized under the laws of this State, doing business at Galesburg, Ill., as retail dealers in notions and general merchandise, became indebted to appellees in the sum of $752 and in certain sums to other persons and corporations. On January 2, 1894, it executed to the first National Bank of Galesburg its promissory note for $2400; to S. Spear & Son another for $263.28; to John Ridley a third for $1077.43; and to Prince & Welsh, its attorneys, still another for $250 for attorneys' fees,—all of the notes being made payable on

demand, with a power of attorney to confess judgment thereon in term time or vacation, in the usual form, and signed "Snyder Bros., by A. W. Snyder, President and Treasurer of said corporation; A. A. Sigsbee, Sec'y." On the same day judgments were entered up upon each of these notes before the circuit clerk of Knox county for the several amounts due thereon, a proper declaration and *cognovit* being filed with him, and also affidavits of the execution of the powers of attorney, in substance as follows: "That the plaintiff's demand is for (stating the nature of the demand;) that he is acquainted with the handwriting of the said defendant, Snyder Bros., by A. W. Snyder, president and treasurer of said corporation, and A. A. Sigsbee, secretary of said corporation, the maker of the annexed note and power of attorney, and that the said signature is the genuine signature of the said Snyder Bros., a corporation, and that the said demand is for a *bona fide* debt *bona fide* due," etc. On these judgments executions were immediately issued, and levied upon all the tangible property of the corporation. Power to execute these judgment notes had been given said officers of the corporation by resolution of its board of directors, although none of them were executed under the seal of the corporation. On the same day of their execution the same officers made an assignment to Prince & Welsh of all the book accounts of the company, with directions to collect and receipt for the same, and out of the proceeds first pay their fees, and apply the balance on the judgments named and return the surplus to the corporation. The goods levied upon were advertised for sale by the sheriff on the 18th of January, and on that day appellees, as creditors of the corporation, filed their bill in the circuit court of Knox county, asking to have the judgment set aside and a receiver appointed to close up the business of the company, making it, and the stock-holders and judgment creditors above named, defendants thereto. On that day notice was served on each of the

defendants that on the 20th of the month an application would be made for an injunction. The sale was postponed to the next day, and before the hour fixed for the sale summons was duly served on each of the defendants. The corporation thereupon executed a bill of sale of the stock of goods to the four judgment creditors, and the executions were ordered returned. The judgment creditors immediately sold the goods to one Meyer, for the express consideration of $3000, and turned over the bill of sale to him. On April 17 Prince & Welsh were appointed receivers by the circuit court, and they were ordered to collect the book accounts of Snyder Bros. and hold the money subject to the order of the court. On July 31, Prince & Welsh, as assignees of the book accounts, under the assignment of the company, filed an inventory and bond as assignees, in the county court, and proceeded to administer the assigned property.

Upon a hearing the court dismissed the bill and refused to set aside the judgments and refused to appoint a receiver. On appeal to the Appellate Court for the Second District that order was reversed and the cause remanded to the circuit court, with directions to proceed to settle the affairs of the company in accordance with the prayer of the bill, except as to the book accounts, the settlement of those accounts being left to the county court. From that judgment the present appeal is prosecuted.

J. A. McKenzie, and Prince & Welsh, for appellants:

Authority to give judgment notes may be presumed from circumstances. *Hier* v. *Kaufman*, 134 Ill. 215; *Burch* v. *West*, id. 258.

A seal is not a necessity to a note by a corporation. Its only office would be to import authority to the extent of making out a *prima facie* case. *Truett* v. *Wainwright*, 4 Gilm. 411.

When the affidavit is filed showing the execution of the power of attorney, the duties of the clerk are ministerial only, and he has no discretion but to enter up the judgment. *Roundy* v. *Hunt*, 24 Ill. 598; *Tucker* v. *Gill*, 61 id. 236.

CHARLES S. HARRIS, and E. J. KING, for appellees:

The seal of a corporation is *prima facie* evidence of the assent of the corporation. *McDonald* v. *Chisholm*, 131 Ill. 281; *Bills* v. *Stanton*, 69 id. 51; *Railroad Co.* v. *Morgenstern*, 103 id. 149; *Wood* v. *Whelen*, 93 id. 153; *Reed* v. *Bradley*, 17 id. 321; 1 Beach on Private Corp. sec. 376; *Joliet Electric Light Co.* v. *Ingles*, 23 Ill. App. 45.

Where a judgment is confessed in vacation, all evidences necessary to its validity should be filed and preserved with the record. In the absence of a corporate seal there should be filed and preserved in the record some evidence of the authority of the president and secretary of a corporation to execute warrants of attorney to confess judgments. *Matzenbaugh* v. *Doyle*, 156 Ill. 331; *Roundy* v. *Hunt*, 24 id. 598; *Adams* v. *Printing Co.* 27 Ill. App. 313; *Joliet Electric Light Co.* v. *Ingles*, 23 id. 45; *Tucker* v. *Gill*, 61 Ill. 236; *Durham* v. *Brown*, 24 id. 94; *Martin* v. *Judd*, 60 id. 78; *Gardner* v. *Bunn*, 132 id. 403; *Stine* v. *Good*, 115 id. 93.

The entering of a judgment in vacation by confession is a statutory proceeding, and the clerk is authorized to act only in cases affirmatively appearing to be within the statute. *Gardner* v. *Bunn*, 132 Ill. 403; *Roundy* v. *Hunt*, 24 id. 598; *Rising* v. *Brainard*, 36 id. 79; *Tucker* v. *Gill*, 61 id. 236; *Bannon* v. *People*, 1 Ill. App. 496.

The clerk, in all cases and in all his official acts, whether in term time or in vacation, performs his duties as a ministerial officer. *Ling* v. *King*, 91 Ill. 571; *Durham* v. *Brown*, 24 id. 93; *Tucker* v. *Gill*, 61 id. 236; *Conkling* v. *Ridgely*, 112 id. 36; *Gardner* v. *Bunn*, 132 id. 403; *Roundy* v. *Hunt*, 24 id. 598.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The bill of complainants below is based upon the theory that the confessed judgments are void, and it is in effect admitted that if they are not, the decree of the circuit court was right.   It is, we think, well settled, at least in this State, that a corporation, by its president, treasurer or secretary, if authorized to do so, may execute promissory notes of the company with warrants of attorney to confess judgments thereon.   If they are executed under the seal of the corporation by such officers their authority to execute them will be presumed.   It has been held by this court that warrants of attorney to confess judgments need not be under seal in order to be valid, and the effect of our decisions is, that the authority of officers of a corporation to execute its judgment notes need not be shown by the corporate seal.   In fact, it is conceded in this case that the corporate seal was not essential to the validity of these notes.

The position of counsel for complainants below is, that inasmuch as the judgments were confessed in vacation, before the clerk, (a mere ministerial officer,) there must have been filed with him some evidence of the authority of the officers to execute the powers of attorney.   This position is based upon *Stein* v. *Good*, 115 Ill. 93, and other cases, to the effect that judgments by confession in vacation being wholly *ex parte*, and the papers filed constituting a part of the record without being preserved in a bill of exceptions, the record should show, unequivocally, that the power of attorney was executed by the defendant, and holding that where no affidavit or other proof of the execution of the power is filed with the clerk the judgment will be a nullity.   The argument seems to be that the proof must show, not only that the warrants of attorney were executed by officers of the company, but also that they had authority from the company to do so,—and to that effect is the decision of the Appellate Court, based mainly upon *Matzenbaugh* v. *Doyle*, 156 Ill. 331.

That was an action at law on an alleged confessed judgment. The note on which the judgment was confessed showed on its face that it was barred by the Statute of Limitations. We have given careful consideration to the position, and the arguments of counsel in support thereof, and are unable to give our assent thereto. The question decided in the *Matzenbaugh case* is clearly distinguishable from the one raised here. The case is not in point.

We held in *McDonald* v. *Chisholm,* 131 Ill. 273, that the authority of an officer of a corporation to execute its judgment notes might appear from all the facts and circumstances surrounding the transaction,—in other words, that the authority might be implied, although there was no express action of the corporation conferring it; and to the same effect is *Atwater* v. *American Exchange Bank,* 152 Ill. 605. The principle upon which an officer of a corporation can bind it by making its promissory notes, with or without a warrant of attorney to confess judgment, is that of agency. An agent can execute such contracts only when authorized to do so; but the fact of agency appearing, and the papers being shown to have been duly executed, we do not understand it to be necessary, in the first instance, that proof of the authority must be made upon confession of judgment. It is true, if it should turn out that authority did not exist the judgments would be void, not because the proof of authority was not filed with the clerk, but because of the absence of authority. In this case it is admitted that the board of directors of the corporation had, by its resolution, conferred power upon those officers to do just what they did do. The filing of the affidavit that that resolution had been passed, or the filing of a copy of the resolution, in our judgment would have added nothing to the validity of the judgment. Certainly, no one not a party to that judgment would have been bound by any *ex parte* proof of that kind. Suppose a party holding the judgment note of a corporation, executed by its president or other

officer, seeks to take judgment thereon in vacation, where the authority of the officer to execute the warrant of attorney is implied from the manner in which the officer has dealt for the corporation; would it be claimed that in such case the plaintiff or holder of the note must file with the clerk the evidence upon which he relies as showing such authority? We think not.

The law applicable to warrants of attorney by corporations to confess judgments is conceded by both parties to be, that the officers of the company can only bind it by their act in executing the warrants when authorized to do so, and that such authority will be implied where the execution is under the corporate seal. If the power is duly signed by officers who, under the law, may execute the same if authorized to do so, and no seal of the corporation is used, the power of attorney is still valid, provided the authority to execute it exists. The question in this case may therefore be said to be, are the warrants of attorney upon which these judgments were confessed valid upon their face, or is it necessary, in order to make them *prima facie* valid, that the seal of the corporation or other evidence of authority to execute them should appear? We think the warrants, being executed by officers recognized by the law as proper persons to do so, if authorized, there being nothing to show such authority or the absence thereof, are *prima facie* valid. We do not think it can be seriously contended that these powers of attorney are void upon their face, because to so hold would be to say that powers of attorney to confess judgment could only be executed by corporations under their corporate seal, and for this we are unable to find any authority. The power of attorney being *prima facie* valid, then, under the authority of *Roundy* v. *Hunt*, 24 Ill. 598, (cited and followed in *Gardner* v. *Bunn*, 132 id. 403,) the only papers necessary to be filed with the clerk were a declaration by the plaintiff on his cause of action, the warrant of attorney with proof of its excution, and a plea

of confession. As said in *Roundy* v. *Hunt, supra:* "These, under the practice, constitute the proper papers to authorize the confession of a judgment."

For the reasons stated we are of the opinion that the judgments entered in vacation were valid, and that the action of the circuit court in dismissing the bill of complainants to set them aside was proper and the judgment of the Appellate Court in reversing its decree erroneous. It will accordingly be reversed, and the cause will be remanded to the circuit court with directions to again dismiss the bill. *Reversed and remanded.*

Mr. JUSTICE CARTWRIGHT took no part.