(No. 11871.—Judgment affirmed.)

THE STATE BANK OF EAST MOLINE, Defendant in Error, *vs.* THE MOLINE PRESSED STEEL COMPANY, Plaintiff in Error.

*Opinion filed April 17, 1918—Rehearing denied June 5, 1918.*

CORPORATIONS—*signature of president to judgment note prima facie binds corporation.* An officer of a corporation has no power, by virtue of his office alone, to bind the corporation by signing a warrant of attorney to confess judgment, but such power may be expressly or impliedly given, and a judgment note signed in the name of the corporation, "by" its president, (naming him,) will bind the corporation in the absence of a showing that he had no authority, as president, to sign the note. (*Snyder Bros.* v. *Bailey,* 165 Ill. 447, followed.)

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

J. T. & S. R. KENWORTHY, and DIETZ, SINNETT & WHITESIDE, for plaintiff in error.

H. A. WELD, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The defendant in error, as plaintiff in the court below, caused a judgment to be entered by confession in term time in the circuit court of Rock Island county against plaintiff in error here, the Moline Pressed Steel Company. The note

and power of attorney upon which the judgment was entered were as follows:

"$5000.                    EAST MOLINE, ILL., *August 22, 1916.* .

"On or before October 20, 1916, after date, for value received, I or we, or either of us, promise to pay to the order of State Bank of East Moline $5000 at the office of State Bank of East Moline, with interest at the rate of six per cent per annum from August 26, 1916, until paid. And to secure the payment of said amount I or we, or either of us, hereby authorize, irrevocably, any attorney of any court of record to appear for me or us, or either of us, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note for such amount as may appear to be unpaid thereon, together with costs, exchange and attorney's fee, to the full amount allowed by law, and to waive and release all errors which may intervene in any such proceedings and consent to an immediate execution upon such judgment, hereby ratifying and confirming all that my or our said attorney may do by virtue hereof.            MOLINE PRESSED STEEL Co.

Due 16-10-20.                    By F. A. Lundahl, *Pres.*"

At the same term of court the judgment was confessed plaintiff in error entered a limited appearance and made a motion to set aside the judgment and recall and quash the execution on the ground that the judgment was void for want of jurisdiction over the person of plaintiff in error. The court denied the motion and plaintiff in error appealed to the Appellate Court for the Second District, which court affirmed the judgment and order of the circuit court. The case comes to this court on petition for a writ of *certiorari.*

There was filed with the declaration, note and power of attorney the affidavit of Nels A. Larson that he knew the signature of the defendant to be genuine, that plaintiff in error is a corporation, and that there is due on the note, as principal, interest and attorney's fees, the sum of $5353.33.

Plaintiff in error contends that it affirmatively appears the circuit court did not have jurisdiction of its person when it entered judgment and that the judgment is void. The argument is that the president of the corporation had no implied authority, by virtue of his office, to execute the note

and warrant of attorney; that the judgment by confession was entered without any proof of such authority and is void. It is true an officer of a corporation has no power, by virtue of his office alone, to bind the corporation by signing a warrant of attorney to confess judgment, but such powers are frequently, if not usually, conferred upon such officer. (*Burch* v. *West*, 134 Ill. 258.) The right of the officer to exercise the power and bind the corporation when such authority is either expressly or impliedly given him by the corporation cannot be denied. "The principle upon which an officer of a corporation can bind it by making its promissory notes, with or without a warrant of attorney to confess judgment, is that of agency." (*Snyder Bros.* v. *Bailey*, 165 Ill. 447.) In that case Snyder Bros. was a corporation. Its name was signed to a promissory note with power of attorney to confess judgment, by A. W. Snyder, president and treasurer, and A. A. Sigsbee, secretary of the corporation. Judgment was entered on the note by confession. The judgment was attacked by other creditors of the corporation, who claimed the judgment was void because there was no evidence of the authority of the officers of the corporation to execute the power of attorney. The court said: "If the power is duly signed by officers who under the law may execute the same if authorized to do so, and no seal of the corporation is used, the power of attorney is still valid, provided the authority to execute it exists. The question in this case may therefore be said to be, are the warrants of attorney upon which these judgments were confessed valid upon their face, or is it necessary, in order to make them *prima facie* valid, that the seal of the corporation or other evidence of authority to execute them should appear? We think the warrants, being executed by officers recognized by the law as proper persons to do so if authorized, there being nothing to show such authority or the absence thereof, are *prima facie* valid. We do not think it can be seriously contended that these powers of attorney

are void upon their face, because to so hold would be to say that powers of attorney to confess judgment could only be executed by corporations under their corporate seal, and for this we are unable to find any authority."

No attempt was made by plaintiff in error here to show that Lundahl, as president of the corporation, had no authority to sign the note and warrant of attorney or that it had any meritorious defense to the note. We regard *Snyder Bros.* v. *Bailey, supra,* as conclusive of the question here involved, and it has never been modified or overruled and is not in conflict with *Chicago Tire Co.* v. *Chicago Nat. Bank,* 176 Ill. 224, where it is cited and quoted from with approval.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*