THE BONNETT-BROWN CORPORATION v. C. E. COBLE.

(Filed 18 April, 1928.)

1. State—Relationship to Other States—Force of Judgments of Other States—Defenses Thereto.

A judgment confessed upon a warrant of attorney to that effect, in another State recognizing its validity, will be recognized in the courts of our State under the "full faith and credit" clause of the Federal Constitution, Art. IV, sec. 1, subject to be set aside in a suit thereon brought here, for fraud, or for want of jurisdiction of the court that has rendered it.

2. Same—Evidence.

When an action is brought here on a judgment of a court of foreign jurisdiction recognizing the validity of a warrant of attorney and it appears from an entry of record in the case that the defendant had given the warrant upon which the confessed judgment had been entered, the defendant in the action here on the judgment may set up the defense that in fact he had not executed the warrant of attorney, but its legal effect is a matter of law for the court.

APPEAL by plaintiff from *Barnhill, J.,* at October Term, 1927, of GRANVILLE. New trial.

The plaintiff brought suit on a judgment for $440 purporting to have been given against the defendant in the Municipal Court of Chicago and at the trial introduced in evidence an exemplified transcript of the proceedings, the material parts of which are as follows:

Municipal Court of Chicago.
    N C C 20B Transcript of Proceedings.
        United States of America.

State of Illinois
    County of Cook,      } ss.
        City of Chicago.

### IN THE MUNICIPAL COURT OF CHICAGO.

Pleas, proceedings and judgments, before the Municipal Court of Chicago, held in the city of Chicago, in the county of Cook and State of Illinois, at the places in the first district in said city provided by the corporate authorities of said city for the holding of said court in the year of our Lord, 1926, and the Independence of the United States, the one hundred and fifty-first.

Present: Honorable W. Joseph Hill, judge of the city court of Benton, county of Franklin, holding a branch of the Municipal Court of Chicago, at the request of the judges of said municipal court.

ROBERT E. CROWE, *State's Attorney.*
BERNARD W. SNOW, *Bailiff.*

Attest: James A. Kearns, clerk.

Be it remembered, to wit, that on 14 August, A.D., 1926, the following among other proceedings were had in said court and entered of record therein, to wit:

The Bonnett-Brown Corporation,
    An Illinois Corporation
            *v.*
C. E. Coble, Doing Business
    as "*Public Ledger.*"

### No. 1805630 CONTRACT CONFESSION.

Now comes the plaintiff in this cause; also comes the defendant; who by virtue of defendant's warrant of attorney filed herein a *cognovit* confessing action of the plaintiff against the defendant and that the plaintiff has sustained damages herein against the defendant in the sum as set forth in said *cognovit.*

Whereupon the plaintiff moves the court for final judgment herein. It is therefore considered by the court that the plaintiff have and recover of and from the defendant, C. E. Coble, doing business as *Public Ledger,* the damages of the plaintiff amounting to the sum of $440.00 in form as aforesaid confessed, together with the costs by the plaintiff herein expended, and that execution issue therefor.

The defendant denied, not only the allegations of the complaint, but the jurisdiction of the court, and testified on the trial that he had never been in Illinois; that no process had been served on him; and that he had neither accepted service, nor employed an attorney to represent him, nor authorized an attorney or any other person to confess judgment in favor of the plaintiff.

The first issue was answered in the negative:

"Was the judgment sued on in this cause rendered by the Municipal Court of the city of Chicago, State of Illinois, upon service of process upon the defendant, or upon his voluntary appearance or confession of judgment?"

Judgment for the defendant; exception and appeal by the plaintiff upon error assigned.

*Royster & Royster for plaintiff.*
*Brummitt & Taylor for defendant.*

ADAMS, J. At common law one of the methods of confessing judgment was by means of a written authority directed to one or more attorneys to appear for the party executing it and to receive a declaration for him in an action at the suit of a person named therein, and thereupon to confess the same or to suffer judgment to pass by default. The writing was known as a warrant of attorney. As a rule it was given as security for the obligation upon which judgment was authorized, and the service of process was not essential. *Cuykendall v. Doe,* 3 L. R. A. (N. S.), 449. The practice is now recognized in some of the states and in others it is declared to be contrary to public policy. 3 Freeman on Judgments (5 ed.), sec. 1303. Illinois is one of the states in which the practice is approved. In *Bush v. Hanson,* 70 Ill., 480, the Supreme Court remarked that the entry of judgment by *cognovit* under a warrant of attorney is a proceeding according to the course of the common law, which has been entertained by the courts in the ordinary exercise of their authority as courts of general jurisdiction. It appears from the exemplified transcript of the proceeding that the Municipal Court of Chicago awarded judgment in favor of the plaintiff by virtue of the defendant's warrant of attorney. The judgment recites the *cognovit* as "confessing action

of the plaintiff against the defendant" and damages sustained by the plaintiff "in the sum set forth."

If the judgment is valid and effective in Illinois it must be given such faith and credit in the courts of this State as it has by law or usage in the State in which it was pronounced. Constitution United States, Art. IV, sec. 1; *Mills v. Duryee,* 7 Cranch, 481, 3 L. Ed., 411; *Andrews v. Andrews,* 188 U. S., 14, 47 L. Ed., 366; *In re Chase, ante,* 143. We quote an excerpt from the annotation appended to *Egley v. Bennett,* 40 A. L. R. (Ind.), 436, 441, in which quite a number of cases on the subject are cited: "It is established, practically without dissent, that the fact that a judgment of a court of another state was entered under a warrant of attorney to confess judgment executed contemporaneously with the principal obligation, and without service of process or appearance other than that pursuant to the warrant itself, does not take it out of the full faith and credit provision of the Federal Constitution, or disentitle it to the recognition and effect accorded to other judgments of sister states, when asserted as the basis of an action or defense. And this is true whether or not such judgments of that kind are permitted in the State in which the judgment of the sister State is asserted."

The principle thus stated is maintained in 2 Black on Judgments (2 ed.), sec. 868; 13 A. & E. (2 ed.), 1006; *Kingman v. Paulson,* 22 A. S. R. (Ind.), 611; *Teel v. Yost,* 13 L. R. A. (N. Y.), 796; *Bank v. Garland,* 33 L. R. A. (Mich.), 83; *Crim v. Crim,* 54 L. R. A. (Mo.), 502; *Hazel v. Jacobs,* 27 L. R. A. (N. S.), (N. J.), 1066. It should be noted, however, that Article IV, section 1, of the Federal Constitution must be interpreted in connection with other constitutional provisions and certain features of the law. *Old Wayne Mut. Life Asso. v. McDonough,* 204 U. S., 8, 51 L. Ed., 345. The defendant has a right to interpose proper defenses; he may defeat recovery by proof of any fraud practiced in obtaining the judgment which may have prevented him from having an adversary trial of the issue (*Williamson v. Jerome,* 169 N. C., 215), or by showing want of jurisdiction either as to the subject-matter or as to the person of the defendant. *Mills v. Duryee, supra,* and annotation in 3 L. Ed., 412; *Priest v. Board of Trustees,* 232 U. S., 604, 58 L. Ed., 750; *Baker v. Baker* 242 U. S., 394, 61 L. Ed., 386; *Arrington v. Arrington,* 127 N. C., 190; *Irby v. Wilson,* 21 N. C., 568; *Picket v. Johns,* 16 N. C., 123. The answer purports to set up both these defenses, but the allegation of fraud is in reality only a repetition of the other plea. As authority in support of the jurisdiction of the Municipal Court of Chicago the appellant cites *Davidson v. Sharp,* 28 N. C., 14, in which it is said that the regularity of judicial proceedings in another State, according to the laws of that

State, cannot be inquired of here; but *Miller v. Leach,* 95 N. C., 229, is authority for the position that while full faith and credit must be given the judgment, as evidence, so as to preclude inquiry into the merits of the subject-matter, the questions of fraud and jurisdiction are subject to investigation.

With respect to the defendant's challenge of the municipal court's jurisdiction of the subject-matter, it may be said that although as a general rule judicial notice will not be taken of the statutes and laws of other states which may have changed the common law (*Miller v. R. R.,* 154 N. C., 441), still in an action brought on a judgment rendered in another State there arises a presumption of jurisdiction, which of course is subject to rebuttal, if the judgment be that of a court of general jurisdiction. 3 Freeman on Judgments (5 ed.), secs. 1454, 1455, 1459.

The defendant assails, not only the asserted jurisdiction of the subject-matter, but that also of his person, the latter being the defense on which he chiefly relies. The judgment contains this statement: "Now comes the plaintiff in this cause; also comes the defendant; who, by virtue of defendant's warrant of attorney, filed herein a *cognovit* confessing action," etc. It alleges the execution of the warrant of attorney and the consequent rendition of the judgment. This, of course, is subject to explanation; but the testimony in rebuttal should be directed to the recital and not to conclusions drawn therefrom by the witness. The general recital that the defendant appeared is susceptible of explanation and avoidance by showing that the alleged warrant of attorney was not in fact executed. The vital question is whether the defendant signed such a paper. If he did, he authorized confession of the judgment without service of process, and in that event his testimony that he had neither employed an attorney nor authorized any one to confess judgment for him would be in direct contradiction of the written instrument, and moreover, would involve an inquiry into the merits of the subject-matter, which, under *Miller v. Leach, supra,* and many other cases, is expressly forbidden. It was for these reasons, no doubt, that the plaintiff objected to all the defendant's testimony. The legal effect of the warrant of attorney, if executed by the defendant, was a matter, not for him, but for the trial court to determine. It was permissible for him to rebut the recital that he had executed the warrant of attorney, and his testimony should have been addressed to this point; but it was not permissible for him, if he had executed the paper, to testify, as he did, to its legal effect. The answer to the issue, it is true, negatives the defendant's confession of judgment; but, as we have indicated, the answer was based upon incompetent evidence; and for this reason the plaintiff is entitled to a new trial.

New trial.