**MONARCH REFRIGERATING CO. v. FARMERS' PEANUT CO.**

No. 3676.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1935.

S. Spruill, Jr., both of Rocky Mount, N. C., and J. G. Tucker, of Raleigh, N. C., on the brief), for appellant.

W. D. Pruden, of Edenton, N. C., and P. W. McMullan, of Elizabeth City, N. C. (McMullan & McMullan, of Elizabeth City, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and MYERS, District Judge.

PARKER, Circuit Judge.

This is an appeal from a judgment for defendant in an action to recover on a foreign judgment. The judgment sued on was rendered in favor of the plaintiff, Monarch Refrigerating Company, and against the defendant, Farmers' Peanut Company, by the superior court of Cook county, Ill. It was for the sum of $93,475.14, and was rendered upon certain promissory notes of the defendant signed by its secretary and treasurer. There was no service of process in the action in Illinois, but jurisdiction was based upon an answer consenting to judgment filed by an attorney of Illinois under a power of attorney contained in the notes, which authorized any attorney of any court of record to confess judgment thereon for such amount as might appear to be unpaid. A demurrer in the court below challenged the jurisdiction of the Illinois court to render judgment upon an answer filed under such power of attorney. The demurrer was sustained, and from judgment thereon plaintiff has appealed.

The notes which were filed in the record in the action in Illinois were thirty in number and were executed from time to time between February 17 and November 26, 1930. Each was for a sum certain with interest, and contained a recital that certain collateral had been deposited therewith, and power was given to sell this collateral and apply the proceeds on the amount due. Each contained also a power of attorney authorizing any attorney of any court of record to appear for the maker in such court and confess judgment for "such amount as may appear to be unpaid thereon, together with costs and one hundred dollars attorneys' fees." The notes purported to have been executed in Chicago and were payable at plaintiff's place of business in that city. They were signed in the name of defendant, by M. F. Bond, Jr., its secretary and treasurer.

The narr. filed in the superior court of Cook county, Ill., alleged the execution of

Murray Allen and R. W. Winston, Jr., both of Raleigh, N. C. (F. S. Spruill and F.

the notes, the maturity of same, and the amount due thereon. One Frank G. Gilmer, as attorney for defendant, executed the cognovit waiving the service of process and consenting to judgment in the amount claimed: Filed with this was an affidavit, to which the notes were attached, stating that the notes and powers of attorney were executed by M. F. Bond, Jr., secretary and treasurer of defendant, and setting forth the amount due on the notes. Judgment was thereupon entered in favor of plaintiff, reciting that Gilmer, an attorney at law of the court, had filed his warrant of attorney and that execution thereof had been duly proven. The narr., cognovit, affidavit, and judgment, constituting the judgment roll in the action in Illinois, were attached to the amended complaint filed in the court below, which alleged: "That on the 19th day of April, 1932 judgment was rendered against the defendant in favor of plaintiff in the Superior Court of Cook County, Illinois, in the sum of $93,475.14, the defendant there and then entering appearance by attorney and confessing judgment in accordance with the laws of the State of Illinois and in accordance with and by virtue of the Warrant of Attorney attached to and forming part of the instrument of indebtedness therein sued on."

We think that there was error in sustaining the demurrer to this complaint. Where suit is brought on a foreign judgment, the presumption is that the court had jurisdiction of the subject-matter and the parties; and he who would escape the binding effect of the judgment on the ground of lack of jurisdiction must allege and prove that jurisdiction did not in fact exist. 15 R. C. L. 887, 947; 34 C. J. 128 and cases cited. And this rule applies to judgments entered on a warrant of attorney to confess judgment as well as in other cases. Egley v. T. B. Bennett & Co., 196 Ind. 50, 145 N. E. 830, 40 A. L. R. 436 and note; Carroll v. Gore, 106 Fla. 582, 143 So. 633, 89 A. L. R. 1495 and note; Bonnett-Brown Corporation v. Coble, 195 N. C. 491, 142 S. E. 772, 774. And it is well settled that a judgment entered under a warrant of attorney to confess judgment, as authorized by contract of the parties and the law of the state where the power is given and the judgment entered, will not be denied enforcement in another state because the statutes of the latter do not provide for confessions upon warrant of attorney. Bonnett-Brown Corporation v. Coble, supra; Cuykendall v. Doe, 129

Iowa, 453, 105 N. W. 698, 3 L. R. A. (N. S.) 449, 113 Am. St. Rep. 472; Ritter v. Hoffman, 35 Kan. 215, 10 P. 576; Snyder v. Critchfield, 44 Neb. 66, 62 N. W. 306; Miller v. Miller, 90 Wash. 333, 156 P. 8; Carroll v. Gore, 106 Fla. 582, 143 So. 633, 89 A. L. R. 1495; notes 40 A. L. R. 444, 89 A. L. R. 1504. As said by the Supreme Court of North Carolina in the case of Bonnett-Brown Corporation v. Coble, supra, quoting from the annotation in 40 A. L. R. 436, 441: "It is established, practically without dissent, that the fact that a judgment of a court of another state was entered under a warrant of attorney to confess judgment executed contemporaneously with the principal obligation, and without service of process or appearance other than that pursuant to the warrant itself, does not take it out of the full faith and credit provision of the Federal Constitution, or disentitle it to the recognition and effect accorded to other judgments of sister states, when asserted as the basis of an action or defense. And this is true whether or not such judgments of that kind are permitted in the state in which the judgment of the sister state is asserted."

Defendant's position that lack of jurisdiction affirmatively appears upon the record in the Illinois case, which is made a part of the complaint, is not well taken. It appears, it is true, from that record that judgment was entered upon a cognovit filed by an attorney pursuant to power of attorney contained in the notes sued on, and that the notes containing the power were executed by the secretary and treasurer of the defendant corporation in its behalf; and it is also true that neither the secretary nor the treasurer of a North Carolina corporation has authority by virtue of his office to authorize a confession of judgment against the corporation. It does not appear, however, that the notes and power of attorney were executed without the authority of defendant duly given. The judgment in Illinois recites that the authority of the attorney was duly proven and the complaint in the court below alleges that the defendant entered appearance by attorney and confessed judgment in accordance with the warrant of attorney contained in the notes. If defendant desires to challenge this averment on the ground that the execution of the power of attorney was not properly authorized, it should do so by answer and not by demurrer, which admits the facts as pleaded.

As it is alleged that North Carolina is the location of the principal place of busi-

ness of the defendant as well as the state of its incorporation, we may assume that the authority of its secretary and treasurer was given there; and it is well settled that the authority of an agent to execute a contract in behalf of his principal is governed, not by the law of the state of the contract, but by that of the state where the authority is given or the agency created. Minor on Conflict of Laws, § 158, p. 374; Pope v. Nickerson, 3 Story, 465, Fed. Cas. No. 11,-274. And under the law of North Carolina the officer of a corporation has no authority by virtue of his office to confess judgment in its behalf or to authorize confession of judgment by another. Nimocks v. Shingle Co., 110 N. C. 20, 14 S. E. 622, which is in accord with the general rule; 14a C. J. 473; Raub v. Blairstown Creamery Association, 56 N. J. Law, 262, 28 A. 384. But such power may be granted him expressly or by implication. State Bank of East Moline v. Moline Pressed Steel Co., 283 Ill. 581, 119 N. E. 604. And in the absence of allegation and proof to the contrary, the presumption arising from the entry of judgment in Illinois is that the secretary and treasurer of defendant was so authorized. Certainly the judgment of that court is not to be held void on its face because the proof showing the authority of the officer was not set forth in the judgment roll.

The courts of Illinois have adopted the very reasonable rule that, where warrants of attorney to confess judgment are executed by officers of a corporation recognized by law as proper officers to execute such warrants if authorized, the instruments are prima facie valid in the absence of anything showing want of authority. Snyder Bros. v. Bailey, 165 Ill. 447, 46 N. E. 452, 454; State Bank of East Moline v. Moline Pressed Steel Co., 283 Ill. 581, 119 N. E. 604. Such a rule is clearly a rule of practice, as to which the law of the forum governs; and a judgment entered in accordance therewith is not void on its face, although the jurisdiction of the court may be subject to attack by allegation and proof that the warrant was not in fact authorized.

The argument is made, however, that, because the law of North Carolina does not recognize the validity of warrants to confess judgment executed at the time of the creation of an indebtedness, the execution of such a warrant is beyond the powers of a North Carolina corporation. Of the North Carolina statutes relied on to sustain this position, C. S. §§ 623, 624, and 625, are mere procedural statutes, regulating the practice of the courts, and can of course have no extraterritorial effect or be looked to as limiting the powers of corporations. Section 2986 provides that a provision in a negotiable instrument authorizing a confession of judgment if not paid at maturity shall not destroy its negotiability, but that such provision shall not authorize the enforcement of an authorization to confess judgment. It is clear that this also, in so far as it relates to the enforcement of an authorization to confess judgment, is merely procedural. Nothing is cited in the North Carolina corporation law, and we know of no such provision there, which forbids the execution of a warrant to confess judgment by a North Carolina corporation; and certainly the power of a corporation to make contracts in a state other than that of its incorporation, which are valid under the laws of the state where made, is not limited by reason of the fact that such contracts are forbidden by the laws of the state of its incorporation, unless there is some provision in its charter or in the general corporation laws of the state so limiting its powers. Where such warrant, having been duly authorized, is executed in another state, its validity is to be determined by the law of that state. 34 C. J. 107; Forsyth v. Barnes, 228 Ill. 326, 81 N. E. 1028, 10 Ann. Cas. 710; Acme Food Co. v. Kirsch, 166 Mich. 433, 131 N. W. 1123, 38 L. R. A. (N. S.) 814; and that the validity of a contract made by an agent is to be determined by the law of the place of the contract, not of that of the agent's appointment, see Minor on Conflict of Laws p. 376; Park Bros. & Co. v. Kelly Axe Co. (C. C. A. 6th) 49 F. 618, 627.

It is next argued that the Illinois judgment is void on its face under Little v. Dyer, 138 Ill. 272, 27 N. E. 905, 32 Am. St. Rep. 140, which holds that judgment for an unliquidated claim may not be entered on a warrant to confess judgment. This point was not raised in the court below and is without merit. The claim here was clearly liquidated, being for the amount of promissory notes, and was not rendered unliquidated by reason of the right of defendant to credit for any sum realized from the sale of collateral. A claim is liquidated where the amount thereof is fixed by law or the agreement of the parties. 37 C. J. 1264. Here the notes were for a sum certain and the provision that amounts received from the sale of collateral should be credited

794

thereon was no more than the law required in the absence of agreement. Certainly a warrant to confess judgment on a note is not avoided because payments may be made on it before its maturity. The notes here required that the proceeds of collateral sold be credited on them; and the power of attorney authorized the confession of judgment for such amount as might appear to be unpaid.

For the reasons stated, the judgment appealed from will be reversed and the cause will be remanded to the court below for further proceedings not inconsistent with this opinion. Defendant should be allowed to file answer and challenge therein the authority of its secretary and treasurer to execute the warrant for confession of judgment, if it sees fit to do so; and plaintiff should be allowed to plead the matters relied upon in its brief as proof of agency or ratification, if so advised. These are matters, however, which may or may not arise in the further progress of the cause; and we forbear expressing any opinion with regard to them until they are properly before us.

Reversed.