M. D. BURKETT, Plaintiff-Appellee, *v.* FINGER LAKE DEVELOPMENT CORPORATION, Defendant-Appellant.

(No. 74-415;

Fifth District—September 10, 1975.

*Supplemental opinion upon denial of rehearing October 28, 1975.*

F. William Bonan, of Bonan & Bonan, of McLeansboro, and Robert S. Hill, of Benton, for appellant.

Terrell Lee Sharp, of Clark and Sharp, of Mt. Vernon, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Finger Lake Development Corporation, an Indiana company (hereinafter "Finger Lake") appeals from a judgment of the trial court denying its motion to set aside a judgment by confession entered against it in the circuit court of Hamilton County.

An individual named Witsman, who was the secretary and treasurer of the corporation, executed two promissory notes on November 2, 1973. One was for the principal amount of $55,868.64. The other was for the sum of $229.75. Both bore an interest rate of 8% per year and both were to become due on May 2, 1974. The notes were payable to the order of M. D. Burkett. Contained in the notes were provisions known as warrants for attorney to confess judgment, which authorized any attorney to appear in any court of record and to confess judgment against the maker of the notes if the notes were not paid when due. Witsman signed his name on each note below the name of Finger Lake, designating himself as the corporation's secretary. In return for these negotiable instruments, M. D. Burkett transferred to Finger Lake 235 shares of preferred stock in a company known as Corgro Corporation.

Finger Lake failed to pay off the notes on May 2, 1974. M. D. Burkett filed a complaint and cognovit in the circuit court of Hamilton County on May 6, 1974. At that time, most of the 235 shares of Corgro stock that had been transferred to Finger Lake were located in Hamilton County. An attorney who was not known to Finger Lake signed the cognovit and confessed judgment against the corporation. The circuit court entered a judgment for M. D. Burkett in the amount of $61,684.45, which included $56,098.39 as repayment of principal, $2243.94 for interest, and $3342.12 for reasonable attorney's fees.

On July 22, 1974, Finger Lake entered a special appearance and made what was the equivalent of a motion to vacate the judgment on the

ground that the circuit court lacked personal jurisdiction over the corporation. This motion was denied.

On August 9, 1974, Finger Lake then made its motion to open the judgment and for leave to plead to the merits. It filed an affidavit in support of the motion, several parts of which are significant. Paragraph 1 of the affidavit said:

> "[O]n or about November 6, 1973, M. D. Burkett and Corgro Corporation entered into a contract to settle disputes by the parties."

Paragraph 5 said:

> "[T]he contract herein referred to was prepared primarily by the plaintiff and his attorney, Terry Sharp of Mt. Vernon, Illinois, and was executed at their insistence."

Paragraph 6 stated:

> "[T]he contract has not been settled as of this date, and various amounts have been paid to M. D. Burkett, as well as amounts owed by M. D. Burkett have been paid by Corgro Corporation and other amounts due from M. D. Burkett to Corgro Corporation remain unpaid."

And, finally, paragraph 7 said:

> "[T]he consideration for the note has failed, and M. D. Burkett is in breach of contract for failing to carry out the terms of the contract, and therefore, no other monies are due M. D. Burkett."

The motion was denied. On this appeal, Finger Lake makes three arguments which are relevant to the appropriateness of the circuit court's denial of the motion.

■■ Finger Lake argues first that it is a foreign corporation which does not do business in Illinois, and that therefore it does not have the minimum contacts with the State of Illinois which are constitutionally required to make it subject to the jurisdiction of an Illinois court. The due process clause of the fourteenth amendment to the Federal Constitution does indeed require, in the ordinary situation, that some minimum of contact exist between a State and a foreign corporation in order for that State's courts to assert jurisdiction over the corporation. (*International Shoe Co. v. Washington*, 326 U.S. 310.) What is involved in this case, however, is the extraordinary feature of a contractual waiver by one party of its right to be served with process, which is thus a voluntary submission to the jurisdiction of any court of record in which the payee of the cognovit note might choose to file a complaint. The only due process question that can arise in this context is whether due process is denied to a party when it makes such a waiver. In *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, the United States Supreme Court said that a party is not denied due process when it signs a cognovit note, thereby

waiving various constitutional rights, unless the cognovit note was the product of a contract of adhesion, or unless a great inequality of bargaining power existed between the parties, or unless the debtor received nothing for the cognovit provision. (405 U.S. 174, 187.) None of these factors were present in this case. Consequently, Finger Lake was not denied due process when the circuit court asserted jurisdiction over it on the basis of the cognovit notes that the corporation had executed.

Finger Lake next argues that the judgment by confession should be opened because Witsman, the corporation's secretary and treasurer, did not have the authority to sign the cognovit notes on behalf of the corporation. This defense was not set out in the affidavit supporting the motion to open.

■■ The authority of corporation officers to execute a cognovit note which will bind their corporation has been considered in a number of old Illinois cases. The most recent of these is *State Bank v. Moline Pressed Steel Co.*, 283 Ill. 581, 119 N.E. 604 (1918). There the Illinois Supreme Court quoted with approval a passage from an earlier case, *Snyder Bros. v. Bailey*, 165 Ill. 447, 46 N.E. 452 (1896):

> "We think the warrants [of attorney to confess judgment], being executed by officers recognized by the law as proper persons to do so if authorized, there being nothing to show such authority or the absence thereof, are *prima facie* valid." (283 Ill. 581, 583.)

In the *Snyder Bros.* case, the Illinois Supreme Court had also said that the president, treasurer or secretary of a corporation "if authorized to do so, may execute promissory notes of the company with warrants of attorney to confess judgments thereon." (165 Ill. 447, 451.) *Snyder Bros.* and *State Bank* therefore indicate that a cognovit note executed by a secretary on behalf of his corporation is prima facie valid and binding on the corporation. If the corporation wishes to question the authority of its secretary to execute such a note, it has the burden of alleging and proving facts which show that the secretary did not have authority. See also *Monarch Refrigerating Co. v. Farmers' Peanut Co.*, 74 F.2d 790 (4th Cir. 1935) (interpreting Illinois law); Annot., 92 A.L.R.2d 952 (1963).

■■ In the present case, the proper place for Finger Lake to have set out facts showing that its secretary did not have authority to execute the cognovit notes was in the affidavit supporting its motion to open the judgment. (See Illinois Supreme Court Rule 276.) Yet Finger Lake did not even raise this issue in its affidavit. Under these circumstances, the authority of Finger Lake's secretary to sign the cognovit notes on behalf of the corporation must be considered as established.

■■ The last argument advanced by Finger Lake is that its affidavit

supporting the motion to open disclosed a defense on the merits, and that the circuit court therefore should have allowed the motion and opened the judgment in accordance with the provisions of Illinois Supreme Court Rule 276. The defense which Finger Lake attempted to set forth in its affidavit was failure of consideration. For several reasons, the affidavit did not sufficiently show that this defense existed.

Paragraph 5 of the affidavit indicated that Finger Lake was relying upon a written contract in asserting that it had a defense. Illinois Supreme Court Rule 191 which regulates the form of affidavits in support of a motion to open, states that an affidavit "shall have attached thereto sworn or certified copies of all papers on which the affiant relies." Finger Lake should have attached a copy of the written contract to its affidavit, and without an attached copy, the affidavit was deficient. Of greater significance than this technical failure in form, however, is the fact that an attached copy of the contract would have clearly revealed what acts M. D. Burkett was supposed to have performed. The statements in the affidavit do not shown exactly what M. D. Burkett should have done, nor do they show that his not performing amounted to a failure of consideration with respect to Finger Lake. Indeed, paragraph 1 of the affidavit suggests that the contract upon which Finger Lake relies was an agreement between M. D. Burkett and the Corgro Corporation, and that Finger Lake was not even a party to the agreement. The statement in paragraph 7 of the affidavit that "the consideration for the note has failed" is merely a conclusion on the part of Finger Lake and is not entitled to regard. Illinois Supreme Court Rule 191.

Because of the vagueness of the affidavit which was compounded by the absence of an attached copy of the written contract, it was within the sound discretion of the circuit court to deny Finger Lake's motion to open the judgment. (*First National Bank v. Achilli*, 14 Ill.App.3d 1, 301 N.E.2d 739.) The order of the circuit court of Hamilton County denying the motion to open the judgment by confession is therefore affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant-appellant, Finger Lake Development Corporation (hereinafter "Finger Lake") asks for a rehearing and argues that this court erroneously decided that a cognovit note which apparently has been signed by a secretary for his corporation is prima facie valid and binding

on the corporation, and that the court wrongly failed to consider whether Finger Lake is entitled to relief from the confessed judgment on the basis of its motion under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72).

■■ The first argument advanced by Finger Lake is disproved by section 3—307 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—307) which says that a signature on a promissory note is to be considered as admitted unless the defendant specifically denies the signature in his pleading. Moreover, section 3—307 provides that even when a defendant has specifically denied the validity of the signature, the signature is "presumed to be genuine or authorized" unless the purported signer has died or become incompetent. This casts upon a defendant the burden of producing evidence sufficient to support a determination that the signature is forged or unauthorized. When the defendant has met this production burden, the party suing on the note has the burden of persuading the trier of fact by a preponderance of the evidence that the signature is valid. See subsection 1 of Uniform Commercial Code Comment to section 3—307; subsection 1, paragraph b, of Illinois Code Comment to section 3—307.

In a suit on a cognovit note, a defendant's pleading is a combination of the motion, supporting affidavit, and proposed answer which Illinois Supreme Court Rule 276 permits him to file in order to request that the judgment by confession be opened. Application of section 3—307 of the Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—307) to a request made by a defendant under Illinois Supreme Court Rule 276 indicates that a defendant who desires to have a confessed judgment opened must specifically deny the genuineness or effectiveness of the signature on the cognovit note in his pleading, that is, in his motion, affidavit, and proposed answer, or else be considered as having acknowledged the validity of the signature. See also Ill. Rev. Stat. 1973, ch. 110, par. 35(2).

Furthermore, simply denying a signature on a cognovit note is not enough to raise a defense on the merits, as required by Illinois Supreme Court Rule 276, because of the presumption of genuineness and authorization that is established by section 3—307 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—307). To disclose a meritorious defense on the issue of the validity of a signature, a defendant must therefore state facts in his affidavit which are sufficient to support a finding that the signature was forged or unauthorized. See also Illinois Supreme Court Rule 191(a).

In the motion, affidavit, and proposed answer that Finger Lake filed under Illinois Supreme Court Rule 276, there was no denial that the secretary's signature on the cognovit note was authorized. Neither did

the affidavit set forth facts sufficient to support a finding that the signature was not authorized. As a result of these omissions, Finger Lake must be deemed to have admitted that the signature of the secretary was authorized. Ill. Rev. Stat. 1973, ch. 26, par. 3—307.

Finger Lake's contention that it should be granted relief from the confessed judgment on the basis of its motion under section 72 of the Civil Practice Act requires consideration of the relationship between that section and Illinois Supreme Court Rule 276. Finger Lake filed its motion to open the judgment under Rule 276 on August 9, 1974. The circuit court denied this motion on August 21, 1974. Then, on September 4, 1974, Finger Lake made its motion under section 72.[1] In the later motion, Finger Lake asserted that the circuit court lacked jurisdiction over it, that the two promissory notes had not been signed on behalf of the corporation in a manner sufficient to give a power of attorney to confess judgment against the corporation, that the smaller note contained no provision for the payment of attorneys' fees by the corporation, and that, because the larger note indicated that it had been executed in Norris City, Illinois, judgment could not be confessed on the note in Hamilton County, Illinois.

Rule 276 governs the procedure that is to be followed in all ordinary cases in obtaining relief from a confessed judgment. To the extent that a defendant is allowed to assert in a motion under section 72 grounds for relief which he should have asserted in his motion under Rule 276, Rule 276 is undermined. A limitation must therefore be imposed upon the availability of relief under section 72 in order to preserve the effectiveness of Rule 276.

An appropriate limitation has been established by the Illinois Supreme Court in *Brunswick v. Mandel*, 59 Ill.2d 502, 322 N.E.2d 25 (1974), affirming 15 Ill.App.3d 502, 305 N.E.2d 9 (1973). The decision says that matters which must have been known to a defendant at the time of his motion under Rule 276 cannot be asserted by means of a later motion under section 72, because the defendant will not be regarded as having been diligent in asserting those matters as grounds for relief.

■■ Examination of Finger Lake's motion under section 72 shows that

---

[1] Finger Lake stated, without reference to any authority, that the confessed judgment was final on the day it was entered, May 6, 1974, and that by September 4, 1974, 30 days had passed from the entry of the final judgment as required by section 72. This court believes, for the purpose of section 72, that the confessed judgment was not final until the circuit court had denied the motion to open the judgment on August 21, 1974. (See *Whitely Estates Corporation v. Cappelletti*, 112 Ill.App.2d 157, 251 N.E.2d 397 (1969).) The motion under section 72, therefore, should have been filed after September 21, 1974. Nevertheless, the propriety of granting Finger Lake relief pursuant to its motion under section 72 will be considered.

every argument contained in that motion must have been known to Finger Lake at the time of its motion under Rule 276. As a consequence, Finger Lake was not diligent in presenting these arguments. According to *Brunswick*, then, Finger Lake is not entitled to relief from the confessed judgment on the basis of its motion under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72).

The petition for rehearing is denied. The order of the circuit court of Hamilton County denying the motion to open the judgment by confession is therefore affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.