DEVIN, J., took no part in the consideration or decision of this case.
On 30 August, 1934, the United States Fidelity and Guaranty Company after due notice in writing to Camilla Cline and to C. L. Cline, appeared before Wade H. Lefler, clerk of the Superior Court of Catawba County, and moved in writing that certain entries appearing on pages *Page 532 
47 and 78, respectively, of Judgment Docket T, in his office, be stricken from said judgment docket, for the reason that, as alleged in said motion, said entries were inadvertently and erroneously made by the clerk of said court. The movant is a judgment creditor of P. L. Cline, owning an unsatisfied judgment against him for the sum of $2,200, which was duly docketed and indexed in the office of the clerk of the Superior Court of Catawba County on 1 June, 1931.
At the hearing of said motions, an inspection of Judgment Docket T in the office of the clerk of the Superior Court of Catawba County, showed entries on pages 47 and 78, respectively, as follows:
"Camilla Cline } Judgment before R. M. Yount, C. S.C. vs. } C. S.C. costs $3.00 — see Rev. Book P. L. Cline. } Docketed Jan. 28, 1931.
"Confession of judgment rendered in favor of the plaintiff and against the defendant in the sum of $650.00 and costs."
"C. L. Cline } Judgment before R. M. Yount, C. S.C. vs. } C. S.C. costs $3.00, pd. to use of pltff. P. L. Cline.} Docketed March 17th, 1931.
"Confession of judgment rendered March 17, 1931, for the sum of $575.00, and interest on same from March 15th, 1929."
On pages 359 and 364, respectively, of the Minute Book in the office of the clerk of the Superior Court of Catawba County, are the following records:
"CONFESSION OF JUDGMENT.
"North Carolina — Catawba County. In the Superior Court, Before the Clerk.
"Camilla Cline vs. P. L. Cline.
"1. P. L. Cline, the defendant in the above entitled case, hereby confesses judgment in favor of Camilla Cline, plaintiff, for six hundred fifty dollars ($650.00), and authorizes the entry of judgment therefor against P. L. Cline on 27th day of January, 1931.
"2. The confession of judgment is for debt or for a debt now justly due from P. L. Cline to the said plaintiff Camilla Cline, arising from the following facts:
"P. L. Cline borrowed from Camilla Cline $425.00 at one time to use towards the purchase price of an automobile, which said car is the *Page 533 
property of P. L. Cline, and certificate of title was issued in the name of P. L. Cline. The remainder of the money I borrowed at another time for the personal use of P. L. Cline, and said money was used for the benefit of P. L. Cline, making a total of $650.00 borrowed from Camilla Cline. P. L. Cline really owes interest on this amount of $650.00, but this judgment is not confessed for any interest, but only for the principal sum of $650.00. Of this amount of $650.00, $225.00 is in the form of a note, or balance on a note, made and executed by P. L. Cline to Camilla Cline several years ago, or during the year 1926, which said sum of $650.00 is due to said plaintiff Camilla Cline over and above all just demands that he has against Camilla Cline, the plaintiff. (Signed) P. L. CLINE.
"P. L. Cline, being duly sworn, says that the facts stated in the above confession are true, and that the amount of the judgment confessed is justly due the plaintiff Camilla Cline. P. L. CLINE.
"Subscribed and sworn to before me, this the 27th day of January, 1931. G. P. DRUM, Deputy Clerk of Superior Court."
"CONFESSION OF JUDGMENT.
"North Carolina — Catawba County. In the Superior Court, Before the Clerk.
"C. L. Cline vs. P. L. Cline.
"1. P. L. Cline, the defendant in the above entitled case, hereby confesses judgment in favor of C. L. Cline, plaintiff, for five hundred seventy-five dollars ($575.00), and interest, since March 15th, 1929, and authorizes the entry of judgment therefor against P. L. Cline, defendant, on the 17th day of March, 1931.
"2. The confession of judgment is for a debt now justly due from P. L. Cline to the said C. L. Cline, plaintiff, arising from the following facts:
"On March 15, 1928, P. L. Cline executed and delivered to C. L. Cline his promissory note in the sum of $575.00, with interest at the rate of six per cent, and the note was due one day after date. On the back side of said note is credited interest for one year, or the sum of $34.50, and there remains unpaid the principal and interest since March 15, 1929. This note was executed for money received from C. L. Cline, every dollar cash, which said sum of $575.00, and interest since March 15, 1929, is due to the said plaintiff over and above all just demands that P. L. Cline has against C. L. Cline. (Signed) P. L. CLINE. *Page 534 
"P. L. Cline, being duly sworn, says that the facts set out or stated in the above confession are true, and that the amount of the judgment confessed is justly due the said C. L. Cline, the plaintiff.
P. L. CLINE.
"Sworn to and subscribed before me, this the 17th day of March, 1931.
 R. M. YOUNT, Clerk of Superior Court."
The minute book in the office of the clerk of the Superior Court of Catawba County does not show a record of any judgment rendered by the clerk of said court on either of the verified statements filed in said court by P. L. Cline, nor is a judgment endorsed on either of the said verified statements by said clerk. The only record of a judgment by confession on either of said statements is the entry on Judgment Docket T.
After hearing the motion in each of the above entitled causes, the clerk found that no judgment was endorsed on the verified statements filed in each of said causes, or otherwise rendered, and that the entries appearing on pages 47 and 78, respectively, of Judgment Docket T, in his office, were inadvertently and erroneously made by his predecessor, and thereupon ordered that said entries be stricken from said judgment docket.
From these orders the respondents, Camilla Cline and C. L. Cline, appealed to the judge of the Superior Court of Catawba County.
At the hearing of these appeals, judgment was rendered as follows:
"The causes entitled as above, coming on to be heard on appeal from the clerk of the Superior Court of Catawba County, and being consolidated by consent for the purpose of the further hearing of the same, and it appearing that the movant, the United States Fidelity and Guaranty Company is a proper party to prosecute the petition and motion, and it further appearing, and the court so holding, that no judgment was rendered in either of said causes, it is, on motion of C. W. Bagby and W. A. Self, counsel for petitioner and movant, considered and adjudged that the judgment of the clerk appealed from in each cause be and the same is affirmed. H. HOYLE SINK, "July Term, 1935. Judge Presiding."
The respondents excepted to the judgment and appealed to the Supreme Court, assigning error in the judgment.
The statements in writing, signed and duly verified by the debtor, P. L. Cline, and filed by him with the clerk of the Superior Court of Catawba County — one on 27 January, 1931, and the other on 17 March, 1931 — are in full compliance with the requirements of the statute, C. S., 624, and therefore were sufficient, both as to form and as to contents, to confer jurisdiction on the court of the parties and of the subject matter of the proceeding.
Speaking of the statutory requirements for a proceeding for the entry of a judgment by confession, in Smith v. Smith, 117 N.C. 348, 23 S.E. 270,Clark, J., says: "If the statutory requirements are not complied with, the judgment is irregular and void, because of a want of jurisdiction in the court to render judgment, which is apparent on the face of the proceedings.Davidson v. Alexander, 84 N.C. 621; Davenport v. Leary, 95 N.C. 205." Econverso, where the statutory requirements with respect to the form and contents of the statement have been fully complied with, as in the instant case, the court acquires jurisdiction, and a judgment by confession, as authorized by the debtor in the statement, is valid for all purposes.
The only question presented on the record in this appeal is whether a judgment was rendered by the court on each of the statements filed with the clerk by the debtor. This question must be answered in the affirmative.
The statute, C. S., 625, provides that where a statement, setting out the amount of his debt, and the facts out of which his debt arose, has been signed and duly verified by the debtor, and has been filed with the clerk of the Superior Court of the county in which the debtor resides, the clerk shall endorse upon the statement the judgment of the court, and shall enter said judgment on his judgment docket. In the instant case, the clerk entered the judgment which the debtor authorized the court to render on each statement, on his judgment docket. He failed to endorse the judgment on the verified statement. This failure was an irregularity which does not affect the validity of the judgment, which the entry on the judgment docket made by the clerk, or under his immediate supervision, shows was rendered by the court.
There is error in the order affirming the orders of the clerk. The motions of the movant should have been denied.
Reversed.
DEVIN, J., took no part in the consideration or decision of this case. *Page 536