JOHN HARVEY, Plaintiff v. PATRICK D. McLAUGHLIN, D.C., d/b/a McLaughlin
Chiropractic Center, Defendant

No. COA04-1597

(Filed 16 August 2005)

**Estoppel— judicial—positions not clearly inconsistent**

The trial court abused its discretion by barring a chiropractic malpractice claim as judicially estopped based on a discrepancy with earlier workers' compensation assertions. The plaintiff in this case did not take clearly inconsistent positions, a required element for judicial estoppel.

Appeal by plaintiff from order entered 27 August 2004 by Judge Paul L. Jones in Lenoir County Superior Court. Heard in the Court of Appeals 15 June 2005.

*Donald J. Dunn for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Meredith Black, for defendant-appellee.*

CALABRIA, Judge.

John Harvey ("plaintiff") appeals an order of the trial court dismissing his malpractice claim against Patrick D. McLaughlin, D.C. ("defendant") for chiropractic treatment. The trial court dismissed plaintiff's claim on the grounds that it was barred by the doctrine of judicial estoppel. We reverse.

According to a final compromise settlement agreement (the "agreement") entered into between plaintiff and his employer on 15 August 2002, plaintiff sustained an injury to his back on 9 June 1997 in the course and scope of his employment while trying to move heavy cabinets. The agreement represented the culmination and settlement of all of plaintiff's claims as against the employer and carrier arising from the workers' compensation claim filed by plaintiff following the accident. The agreement additionally set forth that, following the 9 June injury, (1) plaintiff sought treatment from defendant, (2) defendant performed a "violent" manipulation to plaintiff's neck, (3) plaintiff alleged defendant's manipulation was "connected to his treatment for his work related injury[,]" and (4) said manipulation "led to [plaintiff's] disability." The agreement detailed a truncated treatment history as well as other factors relevant to a

determination of a workers' compensation award and settled all claims between plaintiff and his employer for $457,254.84.

On 5 October 2000, plaintiff commenced a civil action against defendant for malpractice relating to the chiropractic treatment provided by defendant. In the factual assertions, plaintiff generally alleged he was in good health, pain free, and actively engaged in the construction business prior to 11 June 1997. Plaintiff, however, also specifically alleged that "[a] few days before June 11, 1997, [he] pulled his upper back." Plaintiff stated he developed back pain on 9 June 1997, which precluded his participation in a fishing tournament the next day, and went on to detail that those symptoms precipitated his visit to defendant's practice. In his complaint, plaintiff again reiterated the "violent" manipulation employed by defendant to treat plaintiff and comprehensively explained the subsequent diagnoses and treatments following his visit to defendant. Plaintiff was ultimately diagnosed with a severely ruptured right C6-7 cervical disk, which necessitated multiple surgeries and left plaintiff with a forty-nine percent permanent partial disability to his back, neck, and one arm.

Defendant answered the complaint and moved to dismiss the complaint based on lack of subject matter jurisdiction and on the doctrine of judicial estoppel. Defendant's motions were heard by the trial court on 12 August 2004. On 27 August 2004, the trial court dismissed plaintiff's complaint, concluding it was barred by the doctrine of judicial estoppel. Plaintiff moved for reconsideration under Rule 60(b) of the North Carolina Rules of Civil Procedure, which the trial court denied. In denying plaintiff's motion, the trial court found that plaintiff had "intentionally asserted contrary legal positions" in the workers' compensation claim and before the trial court. Specifically, the trial court cited the dichotomy between plaintiff's complaint, alleging plaintiff was pain free, in good health, and actively engaged in physical and construction activities prior to 11 June 1997. The trial court also cited the Form 21 Agreement, which set forth that plaintiff was injured by accident and that the onset of disability occurred on 10 June 1997. The trial court also contrasted plaintiff's complaint, that prior to 11 June 1997, he had never experienced pain in his neck or cervical region, with discovery materials that included a medical history form plaintiff completed on 11 June 1997 prior to being treated by defendant in which plaintiff described his condition or problem as "pain in [the] upper neck." Plaintiff appeals the dismissal of his claim by the trial court on the doctrine of judicial estoppel.

Judicial estoppel is an equitable, gap-filling doctrine that "provid[es] courts with a means to protect the integrity of judicial proceedings" from "individuals who would play fast and loose with the judicial system." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 26, 591 S.E.2d 870, 887 (2004) (citation and internal quotation marks omitted)). The doctrine "prohibit[s] parties from deliberately changing positions [on factual assertions] according to the exigencies of the moment[.]" *Id.*, 358 N.C. at 28, 591 S.E.2d at 888 (citations and internal quotation marks omitted). While observing that the circumstances allowing for the invocation of judicial estoppel "are probably not reducible to any general formulation of principle," our Supreme Court enumerated the following three factors as guidance concerning whether application of the doctrine would be appropriate: (1) whether a party has taken a subsequent position that is clearly inconsistent with its earlier position, (2) whether the party successfully persuaded a court to accept the earlier, inconsistent position raising a threat to judicial integrity by inconsistent court determinations or the appearance that the first or the second court was misled, and (3) whether the inconsistent position gives the asserting party an unfair advantage or imposes on the opposing party an unfair detriment if not estopped. *Id.*, 358 N.C. at 28-29, 591 S.E.2d at 888-89 (citations and internal quotation marks omitted). Only the first of these factors is an essential and required element. *Id.*, 358 N.C. at 29, n.7, 591 S.E.2d at 888, n.7. The invocation of the doctrine of judicial estoppel is addressed to the sound discretion of the trial court, *id.*, 358 N.C. at 33, 591 S.E.2d at 891, and our review of a trial court's application of the doctrine is limited to determining whether the trial court abused its discretion. *Id.*, 358 N.C. at 38, 591 S.E.2d at 894.

Initially, we note the order of the trial court is couched in terms of whether plaintiff "intentionally asserted contrary legal positions" in the various proceedings. This language is consistent with this Court's formulation of the doctrine of judicial estoppel in *Medical Rentals, Inc. v. Advanced Services*, 119 N.C. App. 767, 771, 460 S.E.2d 361, 364 (1995). However, our Supreme Court criticized this formulation insofar as it suggested that the doctrine could be reduced to an inflexible prerequisite or exhaustive formula. *Whitacre P'ship*, 358 N.C. at 28, 591 S.E.2d at 888. Stating that this formulation "fail[ed] to adequately recognize the inherently flexible nature of th[e] discretionary equitable doctrine [of judicial estoppel,]" our Supreme Court declined to accept it in favor of the three-part factors test set forth, *supra. Id.*

Turning to the test adopted by our Supreme Court and looking at the pleadings and record as a whole, we conclude plaintiff has not taken "clearly inconsistent" positions. With respect to the first enumerated inconsistency, the trial court noted plaintiff had differing assertions regarding the date of the onset of pain in his complaint as compared with the date of disability in his Form 21 Agreement. However, as noted previously, plaintiff's complaint was candid about his condition. While the complaint initially stated that, prior to 11 June 1997, plaintiff was "in good health and pain free" and active in both his work and recreational activities, the very next sentence provides that a "few days before June 11, 1997, the plaintiff pulled his upper back." The following sentences further note that on "the afternoon of June 9, 1997, plaintiff began experiencing pain in his back" and declined, due to the pain, to participate in a fishing tournament. The complaint, read as a whole, is entirely consistent with the onset of pain prior to 11 June 1997 and that, in fact, plaintiff suffered a back injury on 9 June and developed increasing pain that interfered with his recreational activities and prompted him to seek chiropractic intervention.

Turning to the second enumerated inconsistency, the trial court contrasted plaintiff's allegation in his complaint that he had "never experienced pain in his neck or cervical region" with the discovery materials indicating that plaintiff's complaint upon presenting to defendant was "pain in [his] upper neck." This single discrepancy fails to indicate plaintiff was playing "fast and loose" with the judicial system or changing factual assertions due to circumstantial exigencies. This is especially true where, as here, plaintiff consistently represented in the proceedings before the trial court and Industrial Commission that he (1) hurt his back on 9 June 1997, (2) experienced increasing pain, (3) sought treatment from defendant on 11 June 1997 because of the increasing pain, and (4) suffered, at the hands of defendant, a "violent" maneuver · instantaneously causing plaintiff markedly increased pain. The single internal discrepancy noted by the trial court neither overcomes the striking similarities common in the two proceedings nor represents "clearly inconsistent" positions taken by plaintiff.

Having determined an essential element of judicial estoppel is not present, we hold the trial court abused its discretion in barring plaintiff's claim on this ground.

Reversed.

Judges ELMORE and GEER concur.