IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-27

Filed: 7 January 2020

Wake County, Nos. 17 CVS 11692, 15505

MIKE CAUSEY, COMMISSIONER OF INSURANCE OF NORTH CAROLINA, Petitioner,

v.

CANNON SURETY, LLC, A North Carolina Limited Liability Company, Respondent.

MARK L. BIBBS, Attorney at Law D/B/A BIBBS LAW GROUP, Plaintiff,

v.

CANNON SURETY, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY, Defendant.

Appeal by Plaintiff from orders entered 18 April 2018 by Judge A. Graham Shirley, II, in Wake County Superior Court. Heard in the Court of Appeals 22 August 2019.

*Bibbs Law Group of North Carolina, by Mark L. Bibbs, for Plaintiff-Appellant.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Daniel S. Johnson, Special Deputy Attorney General M. Denise Stanford, and Assistant Attorney General Heather H. Freeman, for Petitioner-Movant-Appellee and Respondent-Defendant-Appellee in Rehabilitation.*

COLLINS, Judge.

Attorney Mark L. Bibbs ("Bibbs") appeals from orders granting motions filed by Commissioner of Insurance Mike Causey ("Commissioner") to strike a confession of judgment against Cannon Surety, LLC ("Cannon") in favor of Bibbs for $227,850.50 plus 8% interest, arising from Cannon's breach of contract to pay for Bibbs' legal services. The confession of judgment violated an existing seizure order entered under the North Carolina Captive Insurance Act, and it was void. Accordingly, we affirm the trial court's orders.

**I. Statutory Background:  North Carolina Captive Insurance Act**

A captive insurance company is "an insurance company that is owned by another organization and whose exclusive purpose is to insure risks of the parent organization and affiliated companies." N.C. Gen. Stat. § 58-3-165 (2018). Captive insurance companies must be licensed, must meet certain capital and surplus requirements, and must file annual reports to the Commissioner. N.C. Gen. Stat. §§ 58-10-345, -370, -405(b), -415 (2018). A captive insurance company failing to meet these requirements may be subject to seizure, rehabilitation, and liquidation by the Commissioner of Insurance. N.C. Gen. Stat. §§ 58-10-475, 58-30-1 to -310 (2018).

To initiate seizure, the Commissioner must file a petition in Wake County Superior Court requesting a formal delinquency proceeding, after which the trial court may issue an ex parte seizure order directing the Commissioner to

> take possession and control of all or a part of the property, books, accounts, documents, and other records of an

insurer, . . . and that, until further order of the Court, enjoins the insurer and its officers, managers, agents, and employees from disposing of its property and from transacting its business except with the written consent of the Commissioner.

N.C. Gen. Stat. § 58-30-65(b) (2018).

To initiate rehabilitation, the Commissioner must petition the court on one or more specified grounds. N.C. Gen. Stat. § 58-30-75 (2018). If granted, a rehabilitation order appoints the Commissioner as the rehabilitator and directs the Commissioner to "take possession of the assets of the insurer and to administer them under the general supervision of the Court." N.C. Gen. Stat. § 58-30-80 (2018). As the rehabilitator, the Commissioner has "all the powers of the directors, officers, and managers, whose authority shall be suspended" and has broad powers to "take such action as he considers necessary or appropriate to reform and revitalize the insurer." N.C. Gen. Stat. § 58-30-85(c) (2018).

## II. Factual and Procedural History

Cannon was a licensed special purpose captive insurance company. Accordingly, Cannon was governed by the requirements set forth in the North Carolina Captive Insurance Act, N.C. Gen. Stat. §§ 58-10-335 to -655, and regulated by the Department of Insurance, which included oversight and enforcement by the Commissioner. Cannon's license permitted it to transact insurance for judicial

appearance bonds written by or on behalf of the members of its parent company, Premier Judicial Consultants, LLC.

On 27 September 2017, the Commissioner filed a verified petition in Wake County Superior Court requesting a seizure order, an order of rehabilitation, an order appointing a receiver, and injunctive relief against Cannon. This filing commenced case number 17 CVS 11692 (the "Insurance Action"). On that day, the trial court entered a 60-day seizure order and an injunction as follows:

SEIZURE ORDER

1. Pursuant to the provisions of N.C. Gen. Stat. § 58-30-65, Mike Causey, in his capacity as Commissioner of Insurance of the State of North Carolina, is HEREBY ORDERED to take possession and control of all the property, books, accounts, documents, and other records of [Cannon], and of the premises occupied by it for transaction of its business.

2. The Commissioner is hereby authorized, empowered and directed to take into his possession and control all property, stocks, bonds, securities, bank accounts, savings accounts, monies, accounts receivable, books, papers, records, data bases, printouts and computations, . . . and all other assets of any and all kinds and nature whatsoever belonging to [Cannon], wherever located, and to conduct [Cannon's] business and administer [Cannon's] assets and affairs.

INJUNCTION AGAINST
INTERFERENCE WITH COMMISSIONER

3. Until further Order of this Court, [Cannon], its trustees, officers, directors, agents, employees, third party administrators, and all other persons with notice of this Order are hereby ENJOINED and RESTRAINED from the disposition, waste or impairment of any of [Cannon's] property, assets, or records, and said persons are enjoined from transacting [Cannon's] business except with

the written consent of the Commissioner. All such persons are hereby ORDERED to surrender to the Commissioner any and all property or records of [Cannon] in their custody or control, wherever situated.

4. Until further order of this Court, [Cannon], its officers, managers, agents, employees, and third party administrators are hereby ENJOINED and RESTRAINED from interfering in any manner with the Commissioner in the exercise of his duties.

5. All persons, firms and corporations with notice of the Court's Order are hereby enjoined from obtaining preferential payments or transfers against [Cannon] or its assets.

6. This Seizure Order shall be effective, unless otherwise extended, for sixty (60) days from the date of this Seizure Order, which is the period the undersigned considers necessary for the Commissioner to ascertain the condition of the insurer.

As counsel for Cannon, Bibbs filed a motion requesting review, relief, and dissolution of the seizure order, followed by an emergency motion asking the trial court to stay enforcement of and set aside the seizure order. The Commissioner filed a motion for partial summary judgment, seeking to be appointed rehabilitator of Cannon. The trial court extended the seizure order until the latter of a ruling on the Commissioner's partial summary judgment motion or 28 December 2017. The Commissioner served Bibbs, as counsel for Cannon, with the extension of the seizure order on 17 November 2017.

On 15 December 2017, Bibbs moved to withdraw as counsel of record for Cannon, on the ground that Cannon had failed to pay Bibbs for legal representation in the Insurance Action. The trial court granted the motion that day.

On 18 December 2017, Bibbs filed a confession of judgment as a plaintiff in Wake County Superior Court, commencing case number 17 CVS 15505 (the "Attorney Action"). The confession of judgment was signed by Dallas R. McClain ("McClain"), President of Cannon, and averred that (1) Cannon breached a contract with Bibbs for legal services by defaulting on payments due; (2) the confession of judgment resulted from settlement negotiations to resolve the balance owed; (3) McClain authorized the entry of judgment against Cannon in favor of Bibbs for $227,850.50 plus 8% interest; (4) Cannon, "through its President and legally authorized officer, Dallas R. McClain, expressly agree[d] to waive any right to a hearing or appeal arising from entry of" the confession of judgment; and (5) the confession of judgment, executed "by its President and legally authorized officer, Dallas R. McClain," should be binding on all future successors in interest of Cannon.

In the Insurance Action, the trial court entered orders in January 2018 granting the Commissioner's motion for partial summary judgment, placing Cannon in rehabilitation, appointing the Commissioner as rehabilitator and receiver of Cannon, and issuing an injunction against Cannon to prevent interference with rehabilitation.

On 6 February 2018, the Commissioner filed motions in the Insurance Action and the Attorney Action to strike the "purported" confession of judgment filed by

Bibbs, contending that McClain's act of signing the confession of judgment violated the seizure order and injunction, rendering the confession of judgment void.[1]

On 15 March 2018, Bibbs filed motions to intervene and for payment of attorney fees in the Insurance Action. The trial court heard arguments regarding the motions filed by both parties on 21 March 2018. The trial court had show cause orders served on McClain and Bibbs "for interference with this Court's Seizure Order and Extension of the Seizure Order." On 18 April 2018, the trial court entered orders granting the Commissioner's motions to strike the confession of judgment and denying Bibbs' motions to intervene and for payment of attorney fees in the Insurance Action.

From the 18 April 2018 orders, Bibbs timely filed notice of appeal.[2]

## III. Discussion

Bibbs asserts that the trial court improperly struck the confession of judgment and urges this Court to apply the doctrine of judicial estoppel to reverse the trial court's order.

---

[1] Specifically, the Commissioner alleged in his motions that (a) McClain transacted business on behalf of Cannon while lacking authority to do so under the seizure order and interfered with the Commissioner's exercise of his duties under the seizure order; (b) with knowledge of the terms of the seizure order, Bibbs obtained the purported confession of judgment against Cannon in Bibbs' pecuniary favor, and in so doing sought to obtain preferential payments against Cannon as prohibited by the seizure order; (c) the Commissioner's rights under the seizure order were impaired by the purported confession of judgment and Bibbs' interference; and (d) accordingly, McClain's and Bibbs' actions rendered the purported confession of judgment void.

[2] Bibbs makes no argument on appeal regarding the trial court's orders denying his motions to intervene and for payment of attorney fees in the Insurance Action.

*A. Confession of Judgment*

Whether a confession of judgment is void is a question of law, which we review de novo. *See Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004). Under de novo review, we consider the matter anew and freely substitute our own judgment for that of the lower tribunal. *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

"A judgment by confession may be entered without action at any time in accordance with the procedure prescribed by [N.C. Gen. Stat. § 1A-1, Rule 68.1]. Such judgment may be for money due or for money that may become due." N.C. Gen. Stat. § 1A-1, Rule 68.1(a) (2018). "A prospective defendant desiring to confess judgment shall file with the clerk of the superior court . . . a statement in writing signed and verified or sworn to by such defendant authorizing the entry of judgment for the amount stated." N.C. Gen. Stat. § 1A-1, Rule 68.1(b) (2018). "If the statutory requirements [governing a confession of judgment] are not complied with, the judgment is irregular and void, because of a want of jurisdiction in the court to render judgment, which is apparent on the face of the proceedings." *Cline v. Cline*, 209 N.C. 531, 535, 183 S.E. 904, 906 (1936) (internal quotation marks and citations omitted); *see Nimocks v. Cape Fear Shingle Co.*, 110 N.C. 20, 23-24, 14 S.E. 622, 623 (1892) (affirming a trial court's order setting aside a confession of judgment as void because it did not appear in the record that the directors of defendant corporation had

authorized the treasurer or agent to confess the judgment). "A void judgment is not a judgment and may always be treated as a nullity. It lacks some essential element; it has no force whatever; it may be quashed *ex mero motu*." *Clark v. Carolina Homes, Inc.*, 189 N.C. 703, 708, 128 S.E. 20, 23 (1925).

In this case, McClain transacted Cannon's business when McClain executed the confession of judgment on behalf of Cannon in favor of Bibbs. Bibbs conceded as much at the hearing on 21 March 2018:

> THE COURT: Executing a Confession of Judgment is – you know, people do that in transacting the business of their company. Is that correct?
>
> MR. BIBBS: That is correct.
>
> THE COURT: Okay. So when Mr. McClain executed that Confession of Judgment, he was transacting the business of Cannon Surety.
>
> MR. BIBBS: That is correct.

As the seizure order stripped McClain of the authority to transact Cannon's business, and McClain did not obtain the Commissioner's written consent to do so, the confession of judgment was executed in violation of the seizure order. Moreover, because Bibbs had notice of the seizure order and was attempting to obtain immediate payment, the confession of judgment was executed in violation the seizure order's provision enjoining persons with notice of the court's order from obtaining preferential payments or transfers against Cannon or its assets. Additionally, because McClain lacked the legal authority to sign the confession of judgment or

otherwise transact any business on behalf of Cannon while the seizure order and injunction were in effect, the confession of judgment was void for "want of jurisdiction in the court to render judgment, which is apparent on the face of the proceedings." *See Cline*, 209 N.C. at 535, 183 S.E. at 906. Because the confession of judgment was executed in violation of the seizure order and injunction and was void for want of jurisdiction, the trial court did not err by striking the orders.[3]

## B. *Judicial Estoppel*

Bibbs argues that the trial court abused its discretion by refusing to apply the doctrine of judicial estoppel to this case. Bibbs' estoppel argument proceeds as follows: (1) the Commissioner participated in the October 2017 hearing in the Insurance Action after the seizure order had been entered and without objecting to Bibbs' representation of Cannon or arguing that McClain lacked authority to hire Bibbs to represent Cannon in the Insurance Action; (2) the Commissioner, as the

---

[3] While the trial court declared the confession of judgment null and void as a matter of law in its order granting the motion to strike, the trial court *also* stated at the hearing that it could treat the Commissioner's motion to strike as a motion for appropriate relief and, accordingly, invoke its authority under Rule 60(b)(6) to strike the judgment "for any reason justifying relief from the operation of the judgment." A motion for relief from a judgment or order made pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court and the court's ruling will not be disturbed without a showing that the court abused its discretion." *Harris v. Harris*, 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983). A trial court abuses its discretion if its ruling is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding [if] . . . [t]he judgment is void[.]" N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2018). Because we conclude the confession of judgment was void as a matter of law, as discussed in Part A, even were we to review the trial court's order as a grant of relief under 60(b) for abuse of discretion, we would likewise affirm the trial court's decision.

"purported rehabilitator," did not take it upon himself to hire counsel to represent Cannon in the Insurance Action; (3) by failing to object to Bibbs' representation of Cannon, the Commissioner waived the ability to hire counsel on behalf of Cannon and to contest representation by Bibbs later; and (4) when the Commissioner later moved to strike the confession of judgment signed by McClain, the Commissioner effectively changed positions.

"[J]udicial estoppel is to be applied in the sound discretion of our trial courts." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 33, 591 S.E.2d 870, 891 (2004). Our review of a trial court's application of the doctrine is limited to determining whether the trial court abused its discretion. *Id.* at 38, 591 S.E.2d at 894.

Judicial estoppel is an equitable, gap-filling doctrine that "provid[es] courts with a means to protect the integrity of judicial proceedings" from "individuals who would play fast and loose with the judicial system." *Id.* at 26, 591 S.E.2d at 887 (internal quotation marks and citation omitted) (noting that this doctrine protects courts, not litigants). The doctrine prohibits parties from deliberately changing positions on factual assertions. *Id.* at 22-33, 591 S.E.2d at 883-91. While circumstances allowing for judicial estoppel "are probably not reducible to any general formulation of principle[,]" *id.* at 28, 591 S.E.2d at 888, the United States Supreme Court set forth three factors to guide its application, which our courts have articulated as follows:

> (1) whether a party has taken a subsequent position that is clearly inconsistent with its earlier position,
> (2) whether the party successfully persuaded a court to accept the earlier, inconsistent position raising a threat to judicial integrity by inconsistent court determinations or the appearance that the first or the second court was misled, and
> (3) whether the inconsistent position gives the asserting party an unfair advantage or imposes on the opposing party unfair detriment if not estopped.

*Harvey v. McLaughlin*, 172 N.C. App. 582, 584, 616 S.E.2d 660, 662-63 (2005) (citing *Whitacre*, 358 N.C. at 28-29, 591 S.E.2d at 888-89 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001))). Our Supreme Court noted in *Whitacre* that only the first factor is essential. *Whitacre*, 358 N.C. at 29 n.7, 591 S.E.2d at 888 n.7.

The doctrine of judicial estoppel is not applicable in this case because the Commissioner did not take a subsequent position on a factual assertion that was clearly inconsistent with his earlier position. *See id.* at 33, 591 S.E.2d at 891. By participating in the October 2017 hearing, in which Bibbs represented Cannon, the Commissioner did not manifest consent to McClain transacting the company's business in any manner, including by signing a confession of judgment. When McClain appeared at the hearing with legal counsel, he was not transacting business on behalf of Cannon, which would have violated the terms of the seizure order.

The Commissioner's implicit acknowledgment of Bibbs as counsel for Cannon in the Insurance Action was not inconsistent with the Commissioner's later assertion that McClain violated the seizure order by signing the confession of judgment filed in

the Attorney Action. As the doctrine of judicial estoppel was not applicable in this case, the trial court did not abuse its discretion by declining to apply it.

## IV. Conclusion

The confession of judgment violated the seizure order and was void. The trial court did not abuse its discretion by failing to apply the doctrine of judicial estoppel. The trial court's orders striking the confession of judgment are affirmed.

AFFIRMED.

Judges ARROWOOD and HAMPSON concur.